Hubert H. Humphrey, III, Atty. Gen., St. Paul, Paul R. Kempainen, Sp. Asst. Atty. Gen., Rebecca H. Hamblin, Minneapolis, Paul G. Morreim, Freeborn County Atty., Albert Lea, for respondent.

C. Paul Jones, State Public Defender, Heidi H. Crissey, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant Daniel Lee Edmison was convicted of third degree burglary. Edmison contends the trial court improperly calculated his criminal history score. The State moved to strike portions of appellant's brief. We affirm and grant the State's motion.

**STATE of Minnesota, Respondent,**

v.

**Daniel Lee EDMISON, Appellant.**

**No. C9–85–601.**

Court of Appeals of Minnesota.

Sept. 3, 1985.

Review Granted Nov. 18, 1985.

## FACTS

On November 15, 1984, Daniel Lee Edmison pleaded guilty to one count of third degree burglary. Edmison received an executed sentence of 25 months, the presumptive sentence under the Minnesota Sentencing Guidelines. The sentence was based on Edmison's criminal history score of 4. One point was based on several misdemeanor convictions. Edmison contended that these convictions resulted from guilty pleas obtained in violation of his constitutional rights. Edmison included information not of record to support this claim.

## ISSUES

1. Did the trial court properly consider appellant's prior misdemeanor convictions when sentencing appellant?

2. Should respondent's motion to strike portions of appellant's brief be granted?

## ANALYSIS

### I.

■ Appellant contends the State did not sustain its burden of showing that his prior misdemeanor convictions met constitutional standards, *citing State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983). This court has previously decided that *Nordstrom* does not apply to the calculation of a criminal history score under the Minnesota Sentencing Guidelines. *State v. Andren*, 358 N.W.2d 428, 430–431 (Minn.Ct.App.1984). Appellant's claim is without merit.

### II.

■ Appellant's appendices contain information that was not before the trial court.

> The papers filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases.

Minn.R.Civ.App.P. 110.01 (1985). The State's motion to strike is granted.

## DECISION

The trial court properly considered appellant's prior misdemeanor convictions in passing sentence. The State's motion to strike is granted. Appellant shall receive credit for all time served after November 15, 1984.

Affirmed.