STATE of Minnesota, Appellant,

v.

Patrick Vincent PARADEE,
Respondent.

No. C3–86–1611.

Court of Appeals of Minnesota.

Jan. 6, 1987.

Review Granted Feb. 18, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas J. Simmons, Renville Co. Atty., Nancy J. Logering, Asst. Co. Atty., Olivia, for appellant.

Donald H. Walser, Olivia, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER, and LESLIE, JJ.

## OPINION

PARKER, Judge.

In a prosecution for criminal sexual conduct, the court granted a pretrial motion giving the defense access to certain confidential county records. The State appeals, and we affirm.

## FACTS

Respondent Patrick Paradee was charged with two counts of first-degree criminal sexual conduct and one count of third-degree criminal sexual conduct, Minn. Stat. §§ 609.342, 609.344 (1984), for the alleged sexual penetration of two of his minor nieces. During discovery, Paradee's defense counsel learned that social workers from the Renville County Human Services and Welfare Department had previously interviewed one of the alleged victims and her family about an earlier incident with another man and that the department had made a record of the investigation for its files. Paradee's counsel moved the trial court for an order allowing him access to "all department records, reports, notes, files and other documents relating to contacts with the alleged victims and their family members." The motion was granted, and the State appeals pursuant to Minn. R.Crim.P. 28.04, subd. 1(1).

## ISSUE

Did the trial court err in granting a pretrial motion giving the defense access to certain confidential county records?

## ANALYSIS

In *State v. Webber,* 262 N.W.2d 157 (Minn.1977), the supreme court set forth a two-part analysis for reviewing appeals of pretrial motions. The State must demonstrate clearly and unequivocally that (1) the trial court has erred in its judgment, and (2) unless reversed, the error will have a critical impact on the outcome of the trial. *Id.* at 159. Here the State has not demonstrated clearly and unequivocally that the trial court erred in its judgment, and therefore we need not reach the critical impact issue.

### I

■ This case involves a balancing of two significant, but conflicting, values. The privacy rights of the alleged victim must be protected, as mandated by the federal Child Abuse Prevention and Treatment Act, 42 U.S.C. §§ 5101–5107 (1984). However, the criminal defendant's sixth amendment right to confront and cross-examine witnesses against him must also be preserved. *See Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).

The sixth amendment to the United States Constitution and Article I, Section 6, of the Minnesota State Constitution both provide that an accused "[i]n all criminal prosecutions * * * shall enjoy the right * *

to be confronted with the witnesses against him." Under the fourteenth amendment to the U.S. Constitution, the sixth amendment right is secured for defendants in state, as well as federal, criminal proceedings. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The right of "[c]onfrontation means more than being allowed to confront the witness physically. [Supreme Court] cases construing the [confrontation] clause hold that a primary interest secured by it is the right of cross-examination." *Davis v. Alaska*, 415 U.S. at 315, 94 S.Ct. at 1110 (citation omitted).

Effective cross-examination depends in great part on thorough discovery, including the examination of all relevant documents from an advocate's perspective. As the United States Supreme Court has stated, "[D]isclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice." *Dennis v. United States*, 384 U.S. 855, 870, 86 S.Ct. 1840, 1849, 16 L.Ed.2d 973 (1966). "Claims of confidentiality or privilege, whatever their basis, necessarily carry with them the possibility of infringing upon that truth-seeking process." *Commonwealth v. Ritchie*, 509 Pa. 357, 365, 502 A.2d 148, 152 (1985), *cert. granted,* — U.S. —, 106 S.Ct. 2244, 90 L.Ed.2d 690 (1986). Such claims "are not lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon*, 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974).

Depending on the information and inferences to be drawn from the welfare department files at issue here, evidence either of an impeaching or an exonerating nature might be discovered or developed. Thus, the accused's interests in gaining access to the records in this case are crucial.

In contrast, the State has not shown how granting the defense access to the documents will adversely affect the alleged victim. The State claims that granting Paradee's motion will have a negative effect on the child's ability to testify. This is pure conjecture. It is always difficult and traumatic for a victim of child sexual abuse

to testify, whether or not the defense has access to confidential county records. Here, in order to protect the alleged victim's confidentiality, the trial court's order carefully delineates the use to be made of the documents. Without the court's prior approval, Paradee's counsel is prohibited from disclosing anything in the documents to Paradee himself, or using information obtained from the documents at trial. These restrictions protect the child's privacy and also make it clear that the documents are not necessarily admissible at trial.

The Pennsylvania Supreme Court addressed this issue in *Ritchie*. There the defendant was accused of various crimes arising out of numerous alleged sexual contacts with his minor daughter over a period of years. He filed a pretrial motion seeking access to Child Welfare Services records "in order to gain information which might impeach or discredit the complainant, or which might reveal potential witnesses." *Ritchie*, 509 Pa. at 359–60, 502 A.2d at 149. The trial court viewed the records itself *in camera* and denied the motion, finding that the records would be of no benefit to the defendant.

On appeal the Pennsylvania Supreme Court examined the competing values of the sixth amendment right of confrontation and the state's Child Protective Services Law, which provided that such records were confidential. The court concluded:

> Given those [sixth amendment] principles, we must conclude that the trial court erred in refusing appellee access to the [welfare] files. * * * [W]e find that the Commonwealth's interest in maintaining the confidentiality of these records may not override a defendant's right to effectively confront and cross-examine the witnesses against him.

*Id.* at 367, 502 A.2d at 153. The court remanded the matter to the trial court with instructions that the accused, through his counsel, be granted access to the files in question.

II

The State also argues that the trial court's order was too broad in that it allowed the defense access to "all records" of the welfare department relating to this case and to "all previous contacts with the alleged victims and their family members." To remedy this problem, the State suggests that the trial court inspect the documents *in camera* to determine which of the records are relevant. This alternative would not satisfy the accused's sixth amendment rights. Only the defense counsel can accurately determine which documents may be helpful in the defense of a given case. *See Ritchie*, 509 Pa. at 367, 502 A.2d at 153 ("Notwithstanding the trial court's 'finding' that the files contained nothing that would benefit appellee, it is apparent that appellee was denied the opportunity to have the files reviewed with the eyes and the perspective of an advocate").

The trial court's carefully drawn order satisfies us that the difficulty of accommodating both the child's confidentiality interests and the accused's sixth amendment right have been considered carefully. The order is not overly broad and is within the broad authority vested in trial courts in deciding discovery issues.

### DECISION

The trial court did not err in granting a pretrial motion giving the defense access to confidential county records.

Affirmed.