**STATE of Minnesota, Respondent,**

v.

**William Walter AXFORD, Appellant.**

**No. C7–86–1904.**

Court of Appeals of Minnesota.

July 28, 1987.

Review Granted Sept. 23, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Bruce F. Gross, Cottonwood Co. Atty., Windom, for respondent.

Ellis Olkon, Nancy Olkon, Minneapolis, for appellant.

Heard, considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ.

### OPINION

RANDALL, Judge.

William W. Axford was convicted of two counts of criminal sexual conduct in the

first degree. One count alleged multiple acts of oral and vaginal penetration with the victim. The complained of acts allegedly took place from the summer of 1984 through December of 1985 at the general location of appellant's residence in the city of Windom. The other count alleged multiple acts of oral and vaginal penetration over the same period of time with the same victim in Lakeside Township. Judgment and sentence was entered on October 27, 1986. Axford appeals the judgment and an order denying his motions to set aside the judgment and for a new trial or, in the alternative, to vacate the conviction of either count.

The State moved to strike portions of appellant's appendix because the documents were not received into evidence at trial, and are therefore not properly part of the record on appeal under Minn.R.Crim.P. 28.02, subd. 8 and Minn.R.Civ.App.P. 110.-01. We reverse and remand for a new trial.

## FACTS

Appellant was charged with multiple acts of criminal sexual conduct with K.A., his granddaughter, over a period of about one and one half years. After notice by the State of its intention to introduce evidence in appellant's trial that his son, K.A.'s father, Mark Axford (Mark), had also sexually abused her, appellant brought a motion in limine to exclude such evidence. That motion was denied.

Appellant sought access to K.A.'s confidential medical records from the Northwestern Hospital Adolescent Treatment Unit. In an order dated July 15, 1985, the court ruled records would be released if, after in camera inspection, the court found they contained exonerating evidence. The court concluded, after several in camera inspections, that the records contained no such exonerating evidence.

At trial, K.A. testified to numerous incidents of sexual abuse by appellant. When asked whether she had ever been abused by anyone else, K.A. stated her father had abused her. Mark was placed on the stand and testified that he had sexually abused K.A. He also testified about visitation, when K.A. and her siblings would visit appellant's family or the family of Mark's new parents-in-law.

William Axford appeals the conviction and the order denying his motions for a new trial or to vacate his conviction on one of the counts.

## ISSUES

1. Should appellant's appendix containing material not contained in trial court record be stricken?

2. Was appellant deprived of a fair trial by admission of evidence that his son, Mark, sexually abused K.A.?

3. Did the trial court's refusal to grant appellant access to K.A.'s medical records deprive appellant of due process?

## ANALYSIS

I.

*Motion to strike appendix*

Respondent moved this court to strike appellant's appendix, on the ground that its contents are not part of the record on appeal. The appendix contains four of K.A.'s statements, the notes of a counselor on visits with K.A., an investigation report and a statement from the children's advocate at CADA House. These items were not introduced into evidence or filed with the trial court.

■ Under Minn.R.Crim.P. 28.02, subd. 8, the record on appeal consists of "the papers filed in the trial court, the offered exhibits, and the transcript of the proceeding, if any." Under Minn.R.Civ.App.P. 110.01, the record on appeal includes "[t]he papers filed in the trial court, the exhibits, and the transcript of the proceedings, if any * * *." We grant the state's motion to strike information in appellant's appendix that was not before the trial court. *See State v. Edmison,* 373 N.W.2d 639 (Minn. Ct.App.1985), *reviewed and remanded on other grounds,* 379 N.W.2d 85 (Minn.1985).

## II.

*Admission of evidence of other abuse*

Appellant contends the trial court erred when it refused to exclude Mark's testimony, or that of other witnesses, about incidents of Mark's sexual abuse of K.A.

Trial courts generally have wide discretion in evidentiary rulings, and rulings will be sustained unless there was an abuse of that discretion. *State v. Brouillette,* 286 N.W.2d 702, 707 (Minn.1979); *State v. Jones,* 271 N.W.2d 534 (Minn.1978).

A defendant claiming error in the trial court's reception of evidence has the burden of showing both the error and the prejudice resulting from the error.

*State v. Loebach,* 310 N.W.2d 58, 64 (Minn. 1981), citing *Lowe v. United States,* 389 F.2d 108 (8th Cir.1968), *cert. denied,* 392 U.S. 912, 88 S.Ct. 2072, 20 L.Ed.2d 1371 (1968).

Here, at pretrial conference, the State argued that evidence of Mark's abuse of K.A. should be admitted in appellant's trial to show the sequence of penetration and to counter "possible" testimony from which an inference "could" be drawn that K.A. was a virgin and had not been sexually abused by appellant prior to abuse by Mark.

Following that conference, the court concluded that the possible prejudice from this testimony was outweighed by the probative value of the testimony, but only if certain conditions arose. The trial court stated that any cross-examination attacking K.A.'s credibility would make admissible Mark's testimony about his sexual abuse to corroborate K.A.'s testimony. The trial court also ruled that testimony by others about Mark's offenses was admissible to corroborate K.A.'s testimony.

Evidence that Mark had abused K.A. was introduced during direct examination of K.A. by the prosecution. The conditions set out by the trial court for admissibility of this evidence had not arisen. K.A. was the first witness, and her credibility had not been put in issue at this point.

Appellant claims the evidence of his son's abuse of his granddaughter had no probative value, was highly prejudicial, and would be viewed by the jury as substantive evidence that he was part of a "bad" family. He argued the jury might conclude that if his son abused his own daughter, the grandfather was likely to abuse her, also. Appellant argues the evidence was inadmissible, that its admission constituted reversible error, and that he is entitled to a new trial. We agree.

Minn.R.Evid. 402 provides that evidence that is not relevant is not admissible. Mark's sexual abuse of K.A. was not an issue in the case, appellant had not "opened the door," and none of the potential circumstances set out by the prosecution as part of its argument that evidence of Mark's abuse of K.A. would be needed had arisen. In effect, the prosecution was permitted to introduce what could, at best, have been rebuttal evidence before there was anything to rebut. Appellant had every right, being cognizant of the court's pretrial ruling, to prevent introduction of damaging rebuttal testimony by not attacking K.A.'s credibility, by not taking the stand, or by not eliciting evidence about any subject matter that might make Mark's abuse of K.A. relevant. The prosecution's tactics in eliciting Mark's sexual abuse of K.A. at the opening of the trial, with what amounted to rebuttal evidence, was untimely introduced and severely damaged any defense that appellant could put together.

Appellant gave no pretrial indication he was going to put Mark's abuse of K.A. in issue, and did not attempt to use the procedure outlined in Minn.Stat. § 609.347, subds. 3 and 4 (1986), to put such testimony at issue.

The prosecution argues that it "needed" testimony of sexual abuse of K.A. by others in order to prove appellant's guilt. We find that the prosecution ignored the guidelines for such testimony called for by the trial court, and that its admission caused substantial prejudice outweighing the probative value, if any. Minn.R.Evid. 403. At the point in time when the prosecution elicited that testimony, over the pretrial objections of appellant, appellant had simply not put in issue Mark's abuse of K.A.

Evidence that K.A. accused Mark of abuse, and that Mark pleaded guilty, direct-

ly implies that if K.A. was truthful about accusing her father of criminal sexual conduct, she must also be truthful in her accusation against appellant, her grandfather.

This case has some similarity to *State v. Jahnke*, 353 N.W.2d 606 (Minn.Ct.App. 1984). In *Jahnke*, husband and wife were tried together on counts of intrafamilial sexual abuse between the wife and her son by a prior marriage, and between husband and wife's daughter by a prior marriage. Only the wife testified. For impeachment purposes, the prosecutor asked the wife whether she had been sexually abused as a child. The prosecution "expected" the wife to deny having been abused. This court found the question had no proper impeachment value, and was highly prejudicial because "[t]he prosecutor wanted the question asked in the hope that the jurors would use their common perception that former abuse victims tend to abuse their children." *Id.* at 610. The court held any prejudice would have outweighed the nonexistent probative value of the question.

We find that, here, evidence that appellant's son abused K.A. could lead the jury to believe that appellant was also an abuser. This evidence created a great potential for prejudice. No probative value had been shown when it was introduced. Although this concept is different from the *Jahnke* question whether an accused abuser had also been abused as a child, the jury could have concluded that Mark's admitted abuse was substantive evidence that appellant was guilty.

We hold that the evidence of Mark's sexual abuse of K.A. was untimely and thus improperly admitted, that its admission caused serious prejudice to appellant's case, and that its introduction did not comply with the trial court's conditions for its admissibility. It cannot be said that admission of the evidence was harmless error beyond a reasonable doubt. We remand for a new trial.

### III.

*Access to complainant's medical records*

In its pretrial order dated July 15, 1986, the trial court declared K.A.'s medical records would be accessible to the defense if the records were found to contain discoverable evidence. Over a period of time, the court reviewed the records in camera as they were submitted. In a series of supplemental orders, the court found none of the records contained evidence tending to exculpate appellant.

Appellant contends access to K.A.'s medical records was necessary to challenge K.A.'s credibility, in view of alleged prior instances of her untruthfulness, the alleged possibility that K.A. confused what happened with her father and the alleged abuse by appellant, and K.A.'s alleged "severe depression, possible suicide." Evidence that K.A. had been untruthful in the past was presented at trial. K.A. testified she had accused her mother of abuse because she was angry with her mother.

Appellant relies on *State v. Paradee*, 398 N.W.2d 647 (Minn.Ct.App.1987), *pet. for rev. granted* (Minn. Feb. 28, 1987), in which this court affirmed a pretrial order of the trial court allowing the defense counsel access to confidential welfare records. That decision was recently reversed, however, in *State v. Paradee*, 403 N.W.2d 640 (Minn.1987). In that decision, released after appellant's brief was filed, the supreme court held the trial court should examine privileged material in camera to determine whether the material is discoverable to the criminal defendant:

We believe that the in camera approach of these cases is superior to the approach taken by the Court of Appeals in this case and by the Pennsylvania Supreme court in *Richie*, an approach which in effect allows defense counsel easy access to various types of privileged and confidential records simply by asserting that the records might contain material relevant to the defense. The in camera approach strikes a fairer balance between the interest of the privilege holder in having his confidences kept and the interest of the criminal defendant in obtaining all relevant evidence that might help in his defense. We believe

that trial courts, who by training and experience are qualified for the task of determining matters of relevancy, are capable of determining what if any of the information in the records might help in the defense. Further, we note that the determination, like any other determination by the trial court, is subject ultimately to judicial review.

*Id.* at 642.

In making its decision, the supreme court in *Paradee* relied on the recent decision of the U.S. Supreme Court in *Pennsylvania v. Richie,* — U.S. ——, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). In a plurality opinion, the Supreme Court held:

We find that Ritchie's interest (as well as that of the Commonwealth) in ensuring a fair trial can be protected fully by requiring that the CYS files be submitted only to the trial court for *in camera* review. * * * If a defendant is aware of specific information contained in the file * * *, he is free to request it directly from the court, and argue in favor of its materiality.

*Id.,* 107 S.Ct. at 1003.

Appellant cites to the lower court decisions in both the *Paradee* and the *Ritchie* cases. He claims the right to confrontation, as defined by United States Supreme Court cases, is the right to cross-examination, including examination of all relevant documents, from the perspective of an advocate. As the supreme court specifically held in *Ritchie,* however:

The opinions of this Court show that the right of confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination. * * * The ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony. * * *

*Id.,* 107 S.Ct. at 999 (emphasis in original).

■ The *Paradee* and *Ritchie* decisions control and mandate the procedure a court must follow to determine admissibility of confidential or privileged information. Appellant does not contend the trial court abused its discretion by determining the medical records contained no evidence that would have been useful to the defense. He merely argues the court should not have excluded defense counsel from review of the record. The trial court properly based its decision on its in camera review of the records.

Our holding that the admission of testimony that complainant had been sexually abused by her father was reversible error renders moot the issue of sentencing, as the sentence to be imposed after a future conviction, if any, will rest on the facts and circumstances of the new trial.

## DECISION

Materials in appellant's appendix which were not introduced at trial are stricken. Evidence that appellant's son sexually abused the victim was prejudicial and irrelevant when introduced, and its admission constitutes reversible error. The trial court properly refused appellant unlimited access to the minor complainant's medical records, and the trial court used the proper procedure in making the determination whether or not the records would be open to appellant.

Reversed and remanded for trial.

LANSING, Judge (concurring specially).

Although I concur in the result, I do not agree that evidence that William Axford's son abused the victim is generally inadmissible. The trial court balanced the conflicting principles and issued a reasoned ruling. It is unclear why the ruling was not enforced during the testimonial portion of the trial, but the ruling itself was sound.