**STATE of Minnesota, Respondent,**

v.

**William Walter AXFORD, Appellant.**

**No. C7–86–1904.**

Court of Appeals of Minnesota.

March 1, 1988.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Ellis Olkon, Nancy Olkon, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

LANSING, Judge.

William W. Axford was convicted of two counts of criminal sexual conduct in the first degree. Judgment and sentence were entered on October 27, 1986. On appeal this court reversed, granting Axford a new trial. 409 N.W.2d 893. The supreme court reversed the granting of a new trial and remanded the case for consideration of the remaining issue, 417 N.W.2d 88, whether Axford was properly convicted of and sentenced for two counts of criminal sexual conduct. We affirm.

## FACTS

William Axford was charged with multiple acts of criminal sexual conduct for sexually abusing his minor granddaughter. One count alleged multiple acts of oral and vaginal penetration which took place between the summer of 1984 and December 1985 at or near Axford's residence in the city of Windom, Minnesota. The other count alleged multiple acts of oral and vaginal penetration in Lakeside Township during the same time period.

At trial the grandchild testified about numerous incidents of sexual abuse by Axford in the two separate locations over a period of one and one-half years. She described separate acts of intercourse, oral sex and intimate touching which took place

in Axford's house and automobile and at the farm of Axford's brother, in Lakeside Township.

Axford was convicted of two counts of criminal sexual conduct, Minn.Stat. § 609.342, subd. 1(h)(v) (Supp.1985). He appeals, contending the acts constituted a single behavioral incident precluding more than one conviction or sentence.

## ISSUE

Is appellant entitled to vacation of his conviction and sentence on one of two counts of criminal sexual conduct?

## ANALYSIS

William Axford contends that sentencing him on both criminal sexual conduct convictions violates Minn.Stat. § 609.035 (1984), which prohibits multiple punishments for a single behavioral incident.[1] The application of this statute depends on whether the conduct underlying the multiple offenses was unitary or divisible. *State v. Krech*, 312 Minn. 461, 465, 252 N.W.2d 269, 272 (1977).

The factors to be evaluated in determining whether multiple violations constitute a single behavioral incident are unity of time, place and criminal objective. *Bangert v. State*, 282 N.W.2d 540, 546 (Minn.1979). Whether violations result from a single behavioral incident depends on the facts and circumstances of each case. *State v. Reiland*, 274 Minn. 121, 123, 142 N.W.2d 635, 637 (1966). The state has the burden of proving the facts that establish the divisibility of a defendant's course of conduct. *State v. McAdoo*, 330 N.W.2d 104, 109 (Minn.1983).

Although Axford's convictions arose from conduct which occurred over the same time period, they do not share unity of time and place. As the trial court pointed out in its post-trial memorandum, the evidence disclosed multiple acts of sexual abuse occurring at two different places—Windom and Lakeside Township. Nor is there a unity of criminal objective: the incidents were separated by weeks or months and did not bear a significant relationship to each other. The incidents do not constitute a single course of conduct which would prohibit separate sentences. *See State v. Stevenson*, 286 N.W.2d 719, 720 (Minn.1979) (multiple convictions did not violate Minn.Stat. § 609.035, where two instances of coerced intercourse with the same victim at the same general place were separated by five-hour time span and bore no essential relationship to each other).

Axford also contends his convictions violate Minn.Stat. § 609.04, subd. 1(4) (1984). Minn.Stat. § 609.04 provides that a defendant may not be convicted both of the crime charged and of an included offense. Subdivision 1(4) defines an included offense as a crime that is necessarily proved if the crime charged is proved.

For the same reasons that Axford is not entitled to relief under Minn.Stat. § 609.035, Minn.Stat. § 609.04, subd. 1(4), does not apply. Axford was convicted of two separate offenses occurring at separate times in separate townships. Neither offense was includable within the other. *See Ture v. State*, 353 N.W.2d 518, 523 (Minn.1984); *see also State v. Frank*, 416 N.W.2d 744 (Minn.Ct.App.1987).

## DECISION

Affirmed.

---

1. Except as provided in sections 609.251 and 609.585, if a person's conduct constitutes more than one offense under the laws of this state, he may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All the offenses, if prosecuted, shall be included in one prosecution which shall be stated in separate counts.