## Commonwealth *vs.* Donald S. Matis.

Suffolk. February 7, 2006. - May 10, 2006.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Sosman, & Cordy, JJ.

*Practice, Criminal,* Discovery. *Rules of Criminal Procedure. Evidence,* Relevancy and materiality. *Privacy.*

This court concluded that the judge at a criminal trial has authority, on motion of the defendant, to order access to a crime scene in a private residence on the basis of the defendant's showing that the information obtainable at the scene is relevant to the defense, provided that the owner of the residence has notice of the motion and an opportunity to be heard [633-637]; thus, this court vacated an order of a Superior Court judge allowing a criminal defendant access to a crime scene in a private residence, where the third-party homeowner did not receive notice or an opportunity to be heard regarding, among other things, any limitations to be imposed on the order [637].

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on March 2, 2005.

The case was reported by *Greaney,* J.

*Judith Ellen Pietras,* Assistant District Attorney, for the Commonwealth.

*Mark A Tanner* for the defendant.

Cordy, J. Donald S. Matis was indicted on charges of rape of a child with force and assault and battery in July, 2004. The crimes are alleged to have taken place in the complainant's home where eight or nine people (including Matis) had been spending the night. On February 3, 2005, Matis moved that his attorney and investigator be allowed to inspect, measure, and photograph the interior of the complainant's home (crime scene). After a hearing and over the Commonwealth's objection, a judge in the Superior Court allowed the motion, with the proviso that a police officer from the town be present during the inspection to ensure the peace. The Commonwealth petitioned

under G. L. c. 211, § 3, for relief from the order.[1] A single justice reserved and reported the case without decision to the full court.

We conclude that the judge had authority to allow the motion and order access to a crime scene in a private residence, on the basis of a showing that the information obtainable at the scene was evidentiary and relevant to the defense, provided that the owner of the residence was served with notice of the motion and had an opportunity to be heard. Insofar as such notice was not provided, the order is vacated and the case remanded to the Superior Court for a new hearing.

1. *Background.* Matis is charged with forcibly compelling a fifteen year old girl to engage in sexual intercourse on the evening of January 1 or the early morning hours of January 2, 2004, in the living room of her family's home. The home is approximately 1,100 square feet in size, has three bedrooms, a living room area, a dining room area, and a single bathroom, all on one floor and all in close proximity to each other.[2] On the night in question, the complainant states that the assault occurred while she was sleeping on the couch in the living room. In addition to the complainant and Matis, there were six or seven other people present in the house that night, none of whom claimed to have been aware of the assault. While preparing his defense, Matis's attorney hired a private investigator who sought, but was denied, permission from the complainant's family to enter the home to inspect, measure, and photograph the rooms.

2. *Discussion.* A defendant has the "unquestioned right, under the Sixth Amendment to the United States Constitution and art.

---

[1]Matis argues that the Commonwealth lacks standing to bring a petition under G. L. c. 211, § 3, because what is at stake are the rights of a third party, the complainant and her family. We reject the argument. Where the Commonwealth is a party to the action, the complainant and her family were not provided with notice or the opportunity to assert their own rights, and the potential "dangers are particularly obvious where, as here, [the pretrial discovery or summonses] are directed at minors and their caretakers," the Commonwealth has standing both to object to the original order and to seek review of such an order. *Commonwealth* v. *Lam*, 444 Mass. 224, 229 (2005). See *Commonwealth* v. *Mitchell*, 444 Mass. 786, 790 n.8 (2005).

[2]The property also has a detached garage that is used as an additional bedroom.

12 of the Massachusetts Declaration of Rights, to obtain relevant evidence that bears on the question of his guilt or innocence or which otherwise helps his defense." *Commonwealth* v. *Mitchell,* 444 Mass. 786, 795 (2005). The rules of criminal procedure and, in particular, Mass. R. Crim. P. 14, as appearing in 442 Mass. 1518 (2004),[3] providing for pretrial discovery, and Mass. R. Crim. P. 17, 378 Mass. 885 (1979), providing for the summonsing of witnesses, documentary evidence, and "other objects" for use at trial, are intended to ensure the realization of this right.

Rule 17 (a) (2) governs this case, as it provides for the summonsing of documentary evidence and "other objects" from third parties for use at trial, and permits the judge to order that they be produced prior to trial for purposes of inspection. Such inspection can include inspection by experts who may be called as witnesses to testify at trial regarding the import or significance of the objects. While a crime scene may be different in its portability from other objects subject to summons under rule 17 (a) (2), there is no question that evidence pertaining to it may nonetheless be admitted in evidence through photographs and diagrams, or by way of a view ordered in connection with the trial. G. L. c. 234, § 35 (empowering trial judge to order view). See *Berlandi* v. *Commonwealth,* 314 Mass. 424, 449-453 (1943); *Madden* v. *Boston Elevated Ry.,* 284 Mass. 490, 493-494 (1933) ("power to inform itself by a view . . . inherent in a court at common law"). In this respect, ordering pretrial access to the crime scene for inspection under rule 17 (a) (2) seems apt.

This case is not far removed from the circumstances in *Jansen, petitioner,* 444 Mass. 112 (2005), where a judge entered an order requiring a third party to submit a buccal swab to the defense, prior to trial, for DNA analysis. The judge had concluded that there was a reasonable basis for believing that the evidence contained in the buccal swab would significantly aid the defense, outweighing the obvious privacy interests of

---

[3]Rule 14 of the Massachusetts Rules of Criminal Procedure, as appearing in 442 Mass. 1518 (2004), was rewritten in 2004. The current version of the rule applies to cases initiated on or after September 7, 2004. Because the indictments in this case were returned in July, 2004, the prior version would apply to this case. See *Commonwealth* v. *Durham, ante* 212, 213 n.1 (2006).

the third party. *Id.* at 115. He therefore ordered that it be produced in advance of trial under rule 17 (a) (2). While confirming that rule 17 is not a discovery tool and may not be used to subvert the pretrial discovery provisions of rule 14, we held that requiring the buccal swab to be produced by the third party prior to trial would expedite the trial and avoid delays that would be caused when counsel, appropriately, undertook the task of having it examined and prepared for use. *Id.* at 117-118. The fact that the object here cannot be physically brought to court by the third party makes no difference. Its features can be introduced in evidence, and an order for pretrial access under rule 17 (a) (2) will expedite the use of such evidence at trial.

The process by which the judge considers a motion for an order under rule 17 (a) (2) should proceed as set forth in *Commonwealth* v. *Lampron*, 441 Mass. 265 (2004). Accordingly, the defendant must show (1) that the object (here, the crime scene) is evidentiary and relevant, (2) that it is not otherwise accessible in advance of trial by exercise of due diligence, (3) that he cannot properly prepare for trial without access, and the failure to obtain advance access may tend unreasonably to delay the trial, and (4) that the motion is made in good faith and is not intended as a general "fishing expedition." *Id.* at 269. The Commonwealth and the complainant's family must have notice of the defendant's motion for pretrial access and the opportunity to be heard, and the order must be carefully tailored to protect the legitimate privacy interests involved.

On the record before us, Matis's burden appears to be readily met. The particulars of the interior of the home, including the relative positions of the household members and the acoustics of the relevant rooms in which they slept, bear directly on whether the crime could have occurred without anyone present in the house at the time being aware of the acts alleged. What remains for the motion judge to consider are any privacy interests and logistical concerns of the homeowner. The judge may take these into consideration in crafting the terms of the order. The order should be specific as to scope, and may include, among other things, conditions as to who may have access on behalf of the defense, when that access may occur and for how

long, and whether additional persons should be permitted or required to attend to ensure the peaceable nature of the inspection, the integrity of the evidence, and the privacy of matters beyond the scope of the order.

In the instant case, the third-party homeowner did not receive notice and was not afforded an opportunity to be heard. The order of the Superior Court judge is therefore vacated and the matter remanded for further proceedings consistent with this opinion.

*So ordered.*