HUDSON, Justice (concurring).
I respectfully concur with the opinion of the court that any error in this case was harmless beyond a reasonable doubt. Although the harmless-error analysis is dispositive, the court addresses the substance of Lee's argument regarding Minn. R. Crim. P. 9.01, but not the substance of his argument regarding a defendant's right to due process under Article I, Section 7 of the Minnesota Constitution. Because both arguments present important statewide issues of first impression, there is no principled reason for the court to address only one of the arguments.[1] I, therefore, write separately to address Lee's due process argument.
In my view, a defendant has a qualified due process right under the Minnesota Constitution to inspect a crime scene in a third party's control. Article I, Section 7 of the Minnesota Constitution requires that "every criminal defendant has the right to be treated with fundamental fairness and 'afforded a meaningful opportunity to present a complete defense.' " State v. Richards , 495 N.W.2d 187, 191 (Minn. 1992) (quoting California v. Trombetta , 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984) ). Although " '[t]here is no general constitutional right to discovery in a criminal case,' " State v. Hummel , 483 N.W.2d 68, 71 (Minn. 1992) (quoting Weatherford v. Bursey , 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) ), "due process requires that 'criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt,' " id. (quoting Pennsylvania v. Ritchie , 480 U.S. 39, 56, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) ). In State v. Beecroft , 813 N.W.2d 814 (Minn. 2012), the plurality said that "[n]ot only does a defendant have a right to present a complete defense, a defendant has a right-at *442 least in theory-to meet the State as an equal in our adversarial system of justice: 'strength against strength, resource against resource, argument against argument.' " Id. at 839 (quoting United States v. Bagley , 473 U.S. 667, 694 n.2, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (Marshall, J., dissenting)).
Applying these important constitutional principles to the issue at hand, I would hold that, if a defendant makes a prima facie showing that an inspection of the crime scene will lead to relevant evidence, the right to due process in Article I, Section 7 of the Minnesota Constitution requires that the court order pretrial access to the crime scene subject to reasonable time, place, and manner restrictions. This qualified due-process right strikes a balance between a defendant's constitutional right "to put before a jury evidence that might influence the determination of guilt" and the property rights of a victim or other third-party. Byrd v. United States , --- U.S. ----, 138 S. Ct. 1518, 1527, 200 L.Ed.2d 805 (2018) (" 'One of the main rights attaching to property is the right to exclude others,' and, in the main, 'one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of that right.' " (quoting Rakas v. Illinois , 439 U.S. 128, 143, n.12, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) )). It should be stressed that when a district court establishes the time, place, and manner restrictions for a pretrial inspection of a crime scene, the rights of victims, especially domestic abuse and sexual assault victims, must be taken seriously.
My analysis is consistent with our past practices. We have previously struck a balance between the privacy interests of others and the rights of a criminal defendant, and can do so again here. See State v. Paradee , 403 N.W.2d 640 (Minn. 1987). In Paradee , we concluded that an in camera approach was appropriate because it struck "a fairer balance between the interest of the privilege holder in having his confidences kept and the interest of the criminal defendant in obtaining all relevant evidence that might help in his defense." Id. at 642. Here, the approach I suggest-requiring the defendant to make a prima facie showing of relevance and materiality and imposing time, place, and manner restrictions on the inspection-strikes a fair balance.
My analysis is also consistent with the approach taken by several other states. The supreme courts in those states have required a prima facie showing by a defendant before allowing inspection of a crime scene controlled by a third party. For example, in State v. Tetu , 139 Hawai'i 207, 386 P.3d 844 (2016), the court held that a defendant has a constitutional right to access a crime scene, subject to time, place, and manner restrictions that would minimize any intrusion on privacy rights. Id. at 859. See also Commonwealth v. Matis , 446 Mass. 632, 915 N.E.2d 212, 214 (2006) (holding that the defense must show that the crime scene is evidentiary and relevant, that it is not otherwise accessible, that the defendant cannot properly prepare for trial without access, that the failure to obtain access may tend to unreasonably delay trial, and that the motion is made in good faith); State in Interest of A.B. , 219 N.J. 542, 99 A.3d 782, 793 (2014) (stating that the defense must have "articulated a reasonable basis to believe the inspection will lead to relevant evidence on a material issue, then, subject to appropriate time, place, and manner restrictions," the inspection should be allowed). As these cases make clear, it is both possible and desirable to balance the rights of victims and their accused.
*443 In this case, the district court should have provided Lee an opportunity to establish a prima facie showing of relevance and materiality. Upon such a showing, the district court should have ordered a pretrial inspection of the crime scene, subject to time, place, and manner restrictions that protected the rights of S.M.L. Such restrictions might have included a requirement that the inspection be scheduled on a day and time of S.M.L.'s choosing, a requirement that a police officer be present, a limitation on who conducts the inspection (defense counsel or a defense-hired investigator, without the defendant), or a limitation on the length of the inspection (observing the layout of the house could have been completed in as little as 15 minutes). If Lee violated any of the imposed restrictions, the district court could have imposed the sanctions authorized by Minn. R. Crim. P. 9.03, subd. 8, which include contempt of court. However, because the district court's failure to follow these procedures was harmless beyond a reasonable doubt for the reasons laid out by the court in Part II of its opinion, I respectfully concur.

When an alleged error is harmless, we often do not address the party's substantive arguments. See, e.g. , State v. Moore , 846 N.W.2d 83, 92 (Minn. 2014) (declining to address the defendant's arguments regarding the trial court's admission of testimony about abuse that took place in Liberia because the alleged errors were harmless); State v. Larson , 787 N.W.2d 592, 599 (Minn. 2010) (declining to address the defendant's argument that the trial court erred by failing to order the police to authenticate defense-prepared transcripts of the witness interviews because the alleged error was harmless). But I am unaware of any case in which we rejected one of the defendant's substantive arguments regarding an alleged error and then chose not to address the defendant's other substantive argument regarding the same error because the alleged error was harmless.