JANET R. MILLER v. CITY OF MINNEAPOLIS.

December 27, 1898.

Nos. 11,344—(213).

#### City of Minneapolis—Waterworks—Fire—Negligence of Officers.

*Held*, so far as the city of Minneapolis maintains its water plant for use by its fire department in extinguishing fires, it is performing a public or governmental function, and is not liable for the negligence of its officers and servants in permitting the pipes and hydrants to become clogged and choked with sand, bark and other refuse.

Action to recover $2,500, the value of certain household goods destroyed by fire. From an order of the district court for Hennepin county, Johnson, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*Welch, Hayne & Hubachek* and *P. M. Babcock*, for appellant.

When, in pursuance of an express power, a municipal corporation engages in business enterprises by which it becomes assimilated to private corporations, it is held strictly to the same liability as are private corporations and individuals. McCarthy v. City, 46 N. Y. 194; Bailey v. Mayor, 3 Hill, 531; Western v. City, 31 Pa. St. 175; Jones v. City, 34 Conn. 1; Stock v. City, 149 Mass. 410; Hand v. Inhabitants, 126 Mass. 324; Aldrich v. Tripp, 11 R. I. 141; Grimes v. Keene, 52 N. H. 330; Snider v. City of St. Paul, 51 Minn. 466; 2 Beach, Pub. Corp. § 1140; Tiedeman, Mun. Corp. § 327.

*Frank Healy* and *L. A. Dunn*, for respondent.

That the city cannot be made liable under the facts of this case is thoroughly well established: See Mendel v. City, 28 W. Va. 233; Springfield v. Village, 148 N. Y. 46; Tainter v. City, 123 Mass. 311; Wright v. City, 78 Ga. 241; Robinson v. City, 87 Ind. 334; Brinkmeyer v. City, 29 Ind. 187; Grant v. City, 69 Pa. St. 420; Vanhorn v. City, 63 Iowa, 447; Becker v. Keokuk, 79 Iowa, 419; Bryant v. City of St. Paul, 33 Minn. 289; Grube v. City of St. Paul, 34 Minn. 402; McDade v. City, 117 Pa. St. 414; Wheeler v. City, 19 Oh. St. 19; Jewett v. City, 38 Conn. 368; Black v. City, 19 So. C. 412.

CANTY, J.

The complaint alleges that, while plaintiff's goods were stored in a certain building in Minneapolis, the building took fire, and the fire department responded promptly, and connected their hose and fire engines to the street hydrants in the vicinity, and would have extinguished the fire before any damage occurred to plaintiff's goods, were it not that said hydrants, and the water pipes connecting with the same, were choked and clogged with mud, sand, stones, pieces of bark and other ingredients, and by reason thereof no water did or could come through the hydrants for nearly an hour after said connection had been made by the fire department, and the mud, sand, bark and other ingredients choked the engines, and by reason thereof the fire department were powerless and unable to get any supply of water to extinguish the fire, or prevent the spread of it, until plaintiff's goods were burned and destroyed.

It is further alleged that the city erected and maintained the

water plant, pipes, hydrants and water service, and charged a compensation to private customers for the use of the same, but it is admitted that the city furnished the same for fire service without compensation, except such as is paid by general taxation. It is further alleged that the city was negligent in permitting the pipes and hydrants to be so choked and clogged that plaintiff's goods were destroyed as aforesaid by reason of such negligence, and this action is brought to recover damages for the same.

The city demurred, on the ground that the complaint does not state a cause of action, and, in our opinion, the demurrer was properly sustained. The city charter permits and authorizes, but does not compel, the city to maintain such a water plant and service. In maintaining the same for the use of its fire department, the city is performing a public or governmental function, and is not liable for the negligence of its officers or servants in permitting the plant to be out of repair or out of condition for service. Mendel v. City, 28 W. Va. 233, and cases cited; Springfield v. Village, 148 N. Y. 46, 42 N. E. 405.

The city is not liable for the negligence of members of the fire department, acting within the scope of their duty (Grube v. City of St. Paul, 34 Minn. 402, 26 N. W. 228); and, for the purposes of protection from fire, the water plant and service must be regarded as a part of the fire department.

Order affirmed.