## DEWEY STORTI v. TOWN OF FAYAL.[1]

June 14, 1935.

No. 30,391.

[1]Reported in 261 N. W. 463.

John E. Manthey, for appellant.
John H. Hougen and John C. Holten, for respondent.

I. M. OLSEN, JUSTICE.

The defendant appeals from an order overruling a demurrer to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. The court certified that the questions presented by the demurrer are important and doubtful, so as to allow an appeal from the order.

Plaintiff brought the action to recover damages for personal injuries claimed to have been caused by the negligence of the defendant town, through its officers and servants, in stringing and maintaining a telephone wire over a state highway in such a manner as to render the road unsafe and dangerous for traffic on the highway, whereby plaintiff, traveling on the highway, was caught by said telephone wire and thrown to the pavement and injured.

The court in its memorandum attached to the order overruling the demurrer states the questions presented by the demurrer as follows: First, whether by operating a telephone system the township is acting in a governmental or a proprietary capacity; second, if operating a telephone system in a proprietary capacity, can the township be held liable for negligence of its officers or servants in operating such telephone system?

The state constitution, art. 11, § 3, providing for the organization of townships, reads as follows:

"Laws may be passed providing for the organization, for municipal and other town purposes, of any congressional or fractional townships in the several counties in the state."

The defendant town of Fayal is a township organized under the laws of this state passed pursuant to the constitutional provisions above quoted. 1 Mason Minn. St. 1927, § 999, recites the general powers of organized townships. Section 1000 of the statute provides that no towns shall possess or exercise any corporate powers except such as are expressly given by law or are necessary to the exercise of the powers so given.

By L. 1921, c. 439, 1 Mason Minn. St. 1927, §§ 5312-5316, towns were authorized to construct and maintain telephone lines and local exchanges for the purpose of preventing forest or prairie fires and extinguishing the same, promoting public welfare, public health, and public safety, and facilitating the work of public improvements; but the act further goes on to authorize towns to charge and collect rentals for the use of such telephone system by the inhabitants of the town; in other words, to operate the system in the same manner as telephone systems and lines are constructed and operated by private persons or corporations. Towns were further authorized to issue bonds for the purpose of constructing and operating such telephone systems. We have then in this case a township which, under authority of law, has constructed, operates, and maintains a telephone system both for governmental or municipal purposes and for the use and benefit of inhabitants of the town for the same purposes as telephone lines and systems are commonly constructed and operated by private corporations or individuals, and for which rentals or tolls are charged and collected from private individuals.

It is apparent that the law authorizes the town, in addition to constructing and maintaining a telephone system for governmental purposes, also to construct and operate the system as a public utility for compensation and profit in the same way as other public utilities are operated.

The complaint in the case charges that the defendant did own and operate this telephone system and furnished private telephone service to residents of the town, charging regular rates from all subscribers for such service. The complaint sufficiently alleges that the defendant was operating a public utility.

The decisive question for review is whether an organized town such as defendant is liable for the negligence of its officers and servants in constructing and operating such a public utility. We have a line of cases, beginning with Altnow v. Town of Sibley, 30 Minn. 186, 14 N. W. 877, 44 Am. R. 191, holding that a town is not liable for the negligence of its officers and servants in the matter of constructing, maintaining, and repairing public highways. The reason for this rule is stated in that case as follows [30 Minn. 189]:

"A town is a *quasi* and public corporation only, and, as such, a part of the government of the state. The duties enjoined upon it by law are enjoined upon it *as a part of government,* and not otherwise."

Other cases stating this general rule are Dosdall v. County of Olmsted, 30 Minn. 96, 14 N. W. 458, 44 Am. R. 185; Weltsch v. Town of Stark, 65 Minn. 5, 67 N. W. 648; Tholkes v. Decock, 125 Minn. 507, 147 N. W. 648, 52 L.R.A. (N.S.) 142; Bolland v. Gihlstorf, 134 Minn. 41, 158 N. W. 725; Zacharias v. Nesbitt, 150 Minn. 369, 185 N. W. 295, 19 A. L. R. 1016. The same rule is applied to counties and school districts. Bank v. Brainerd Sch. Dist. 49 Minn. 106, 51 N. W. 814; Kramer v. County of Renville, 144 Minn. 195, 175 N. W. 101. These cases involve the governmental functions of towns, counties, and school districts only. There is an exception to the rule where injury results to lands adjoining or near the highway by negligent construction or repair of such highway. Peters v. Town of Fergus Falls, 35 Minn. 549, 29 N. W. 586. In such cases there is liability. It may be noted that the rule of nonliability as to townships was established long prior to the time when the township had any authority to construct and operate telephone lines or any other public utility. The defendant cites and relies on the

case of Mokovich v. Independent Sch. Dist. No. 22, 177 Minn. 446, 225 N. W. 292, 294. That case does not change the rule as to the liability of municipal or *quasi* public corporations for negligence in operating public utilities. It does not extend the rule of nonliability to cases where the corporation engages in nongovernmental activities. It is there stated [177 Minn. 451] :

"The distinction between liability for torts, in the performance of permissive and mandatory duties or activities of the municipality, has not been recognized in this state. Miller v. City of Minneapolis, 75 Minn. 131, 77 N. W. 788; Emmons v. City of Virginia, 152 Minn. 295, 188 N. W. 561, 29 A. L. R. 860. The test is whether the municipality is or is not exercising only governmental functions."

The general rule running through all of our decisions is that liability is to be tested by determining whether or not the town or municipality, as concerns the activity in which the negligence is claimed, was exercising only governmental functions; that if the town or municipality enters into the field of private enterprise by operating a public utility it should be held to the same liability as a private party operating under a franchise. In the Mokovich case it was said that the rule imposing liability where the activity engaged in is not a governmental function should not be extended to public *quasi* corporations which have no power to engage in any such business. But in the present case the town had statutory authority to enter into the field of operating a telephone system as a public utility. The question of its liability, in case it had no power to operate such a utility, is not here directly involved, nor was it so involved in the Mokovich case, and what was there said as to that question should not be held an adjudication.

In the case of Bolster v. City of Lawrence, 225 Mass. 387, 390, 114 N. E. 722, 724, L. R. A. 1917B, 1285, the court said:

"The underlying test is whether the act is for the common good of all without the element of special corporate benefit or pecuniary profit. If it is, there is no liability; if it is not, there may be liability."

In the present case, apparently only those inhabitants of the town who had telephones installed and paid the prescribed rates had the full benefit of the telephone system. The system was not equally for the common good of all without special corporate benefit.

The cases of Keever v. City of Mankato, 113 Minn. 55, 129 N. W. 158, 775, 33 L.R.A.(N.S.) 339, Ann. Cas. 1912A, 216, and Brantman v. City of Canby, 119 Minn. 396, 138 N. W. 671, 43 L.R.A.(N.S.) 862, being against cities, are not directly in point here but state the general rules.

Defendant's citation to 63 C. J. p. 173, has reference to [§ 171] 3, treating of the liability of towns for negligence of agents and employes. The general statement is that towns are not liable for "injuries through acts in the performance of public or governmental functions or duties." Later in the section it is stated: "However, this rule of exemption does not apply where the township is engaged in an enterprise incidentally for a public purpose but in part for profit." And again, in [§ 172] b, on p. 176, this is stated: "In its corporate capacity, however, under its power to assume special duties and to engage in enterprises not necessary to governmental purposes, the liability of the town for the proper conduct of such duties or enterprises, is measured by the general laws under the same conditions as a private corporation or as an individual."

Numerous other citations of authorities are contained in the briefs. It is not necessary here to analyze or cite further cases. There are cases holding that where a mandatory duty is imposed on a municipality the performance thereof is a governmental function. Here there was a permissive and not a mandatory function conferred on the town.

Defendant's counsel argues that, as the town is not liable for negligence in the construction and maintenance of public highways or for obstructions thereon, and as this was on a state highway which the town is under no duty to maintain, there can be no liability. It is sufficient to say that the town is not here sought to be charged with any negligence in maintaining a public highway. The negligence here charged is in stringing and maintaining defendant's telephone wire, a part of its telephone system, so as to cause injury to this plaintiff.

634

We are not unmindful of the fact that there are conflicting authorities in other states on the question here presented. The conclusion reached, however, is that there is no logical or sound reason, under our statutes and decisions, to apply any different test to towns than to other municipalities as to liability for negligence in the performance of permissive nongovernmental functions.

The order appealed from is affirmed.

[1]Reported in 261 N. W. 397.