# CAROLYN M. MACE v. COUNTY OF RAMSEY.[1]

May 5, 1950.

No. 35,129.

*R. Edison Barr* and *L. E. Matteson,* for appellant.

*James F. Lynch,* County Attorney, and *Robert G. Flynn,* Assistant County Attorney, for respondent.

PETERSON, JUSTICE.

Plaintiff, a minor, sues by her father and natural guardian to recover for personal injuries sustained as a consequence of defendant's alleged negligence, and appeals from the judgment entered pursuant to the court's order, based upon the pleadings and the opening statement of her counsel, dismissing the action.

The question for decision is whether a county is liable for negligence in improving a town road under an arrangement with the town pursuant to statutory authorization under which the improvement was to be paid in part with county funds and in part

---

[1]Reported in 42 N. W. (2d) 567.

with town funds, where making the improvement by the county was *mandatory* on its part so far as it was to be paid with county funds and *discretionary* so far as it was to be done with town funds.

The facts, as they appear from the pleadings, briefs, and the arguments of counsel, are that on June 28, 1946, defendant was engaged in installing storm sewers and catch basins on Flandreau street in the town of New Canada in defendant county; that, while M. S. A. 163.01 imposes upon the town the duty of general care and supervision of all town roads within its borders and of providing the equipment and materials for the construction and repair thereof, the work was done by the county and was to be paid in part with town funds which the town board, pursuant to authorization by the annual town meeting and of §§ 163.02[2] and 163.03,[3] determined "to expend through the county board" with its consent by placing the money in the county's road and bridge fund for the construction, improvement, and maintenance of town roads designated by the town board, including the work in question on Flandreau street, and in part with county funds appropriated by the county for the benefit of the town under § 162.03, which, so far as here material, provides that the county

[2]Section 163.02. "Any town may at its annual meeting determine to authorize the town board to expend through the county board of the county in which such town is situated funds of the town for the construction, improvement, and maintenance of roads within such town, with the construction, improvement, and maintenance of which the town is charged by law."

[3]Section 163.03. "Upon such determination by the annual meeting of any such town, the town board shall have authority to appropriate and pay to such county moneys from the town road and bridge fund for the construction, improvement, or maintenance of any road, with the construction, improvement, or maintenance of which the town is charged by law, and the moneys so appropriated shall be credited to the road and bridge fund of the county and expended in the construction, improvement, and maintenance of such road as shall be designated by such town boards. No such appropriation shall be made except with the consent of the county board of such county."

"shall" appropriate certain money to towns and other local subdivisions thereof and that money so appropriated "shall" be expended by the county under the supervision and control of the county board upon such town roads as shall be designated by the town board; that in performing such work the county derived no profit or corporate benefit; and that plaintiff was injured as a consequence of defendant's negligence in performing such work. The court dismissed the action upon the ground that defendant was immune from liability, for the reason that it was engaged in a governmental function in performing the work in question.

It has been assumed both here and below that making the improvement in question by the county was *mandatory* on its part so far as it was to be paid with county funds and *discretionary* so far as it was to be paid with town funds.

On appeal, plaintiff contends that, because it was optional with the county to undertake the work insofar as it involved an expenditure of town funds, defendant was engaged in "an optional permissive activity, but not a duty," and that, because that was true, defendant was not performing a governmental function in doing such work for the town, but rather one of a purely corporate nature the same as any other contractor performing a contract to do work. Defendant contends that the construction, improvement, and maintenance of roads is a governmental function and that the performance of the work in question was nonetheless so because it was done under an arrangement, authorized by statute, between the county and the town.

In constructing, improving, and maintaining highways, counties and towns perform a governmental function and are immune from liability for negligence in the performance thereof. Hitchcock v. County of Sherburne, 227 Minn. 132, 34 N. W. (2d) 342. In some states, liability in such cases is imposed by statute, and where that has been done liability is purely statutory (see, 2 Dunnell, 1941-1946 Supp. § 2286); but, as we pointed out in the Hitchcock case, we have no such statute. Thus, it is clear that, if either the county or the town acting singly had performed the work in

question and paid for it with its own funds, there would be no liability on the part of either of them.

The purpose of §§ 163.02 and 163.03 is to enable towns to have the benefit of the special abilities of the personnel and the superior equipment of counties in constructing, improving, and maintaining highways and at the same time to coördinate the activities of both with respect thereto. We take judicial notice of the fact that, while under § 163.01 the duty of constructing, improving, and maintaining town highways rests primarily on towns, counties have engineering and technical staffs specially qualified for such tasks and special equipment and personnel to perform them; that it is in the interest of the towns from the standpoint of economy and efficiency to have the work done by the county; and that, because that is true, the statutes in question authorize towns to have their road work performed under such an arrangement as that mentioned. No legislative intention to impose liability on counties for performing work for towns under such an arrangement is manifested by such authorization.

Generally speaking, a function is governmental where it involves the exercise of power conferred by statute upon local agencies in administering the affairs of the state and the promotion of the general public welfare. See, Orme v. Atlas Gas & Oil Co. 217 Minn. 27, 13 N. W. (2d) 757; McLeod v. City of Duluth, 174 Minn. 184, 218 N. W. 892, 60 A. L. R. 96. Accordingly, we held in the Hitchcock case, *supra,* that the construction, improvement, and maintenance of roads is a governmental function. The nature of the function exercised by the county in performing the work for the town was not changed by the arrangement between the county and the town under which it was done. The function exercised, being essentially a governmental one when exercised by either the county or town when performing such work separately for itself, continued to be such when performed by the former for the latter. The arrangement not only did not change the nature of the function exercised by the county from a governmental one into a corporate one, but also it did not constitute the county a

contractor subject to the rights and liabilities of one. In such a case, the county's performance of the work is attended with immunity from liability for negligence by reason of the fact that performance thereof involved the exercise of a governmental function. Johnson v. Board of Co. Road Commrs. 253 Mich. 465, 235 N. W. 221 (county removing snow from highway under "contract" with state) ; Lickert v. Harp, 213 Wis. 614, 252 N. W. 296 (county truck used for repairs and maintenance of highways under "arrangement" with state). See, Evans v. Town of Stanton, 23 Minn. 368 (arrangement by county and town to finance cost of construction of a bridge). As pointed out in the Johnson and Lickert cases, *supra,* the fact that the activity was undertaken voluntarily and not under compulsion of statute does not change the essential nature thereof so as to render what would be otherwise a governmental function a mere private corporate one.

Hence, it follows that the county here did not become liable for negligence, if any, in performing the work under the arrangement in question between the county and the town, even though under § 163.01 it was the town's primary duty to do such work. Because there is no statute imposing liability on the county here, there can be no recovery. Consequently, plaintiff has no recourse in spite of the severe injuries sustained by her.

Plaintiff cites as contra Storti v. Town of Fayal, 194 Minn. 628, 261 N. W. 463, and Younkers v. County of Ocean, 130 N. J. L. 607, 33 A. (2d) 898. Neither is in point. The Storti case involved the question whether a town is liable for the negligence of its officers in maintaining a telephone system owned by it. Decision was predicated upon the ground that in so doing the town was performing a nongovernmental function and that it was liable the same as the operator of any other public utility. The Younkers case involved the question whether a county is liable in negligence where it rents to a borough a grader and furnishes the operator thereof at a compensation to be paid by the borough. No such situation is involved here. While plaintiff does not rely upon McLeod v. City of Duluth, *supra,* we do not deem the case as being

contra, because, while it involved a street-cleaning operation, the operation was one of a nature peculiarly for the benefit of the city as such rather than the general public, and, because that was true, we held that it involved the exercise of a "corporate" as distinguished from a "public" function. The reasoning of that case, however, supports the conclusion here reached.

Affirmed.