David Pearce DEMERS, Respondent,

v.

CITY OF MINNEAPOLIS, Appellant.

No. CX–90–198.

Court of Appeals of Minnesota.

July 17, 1990.

Review Granted Sept. 14, 1990.

Mark R. Anfinson, Minneapolis, for respondent.

Robert J. Alfton, Minneapolis City Atty., Floyd B. Olson, Deputy City Atty., Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J. and KALITOWSKI and MULALLY *, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant City of Minneapolis challenges the judgment requiring it to allow respondent David Demers to inspect nonpending and noncurrent police department internal affairs complaint forms without charge. The city argues the Minnesota Government Data Practices Act and policy considerations require that complainants' names be protected and not subject to public disclosure.

## FACTS

David Demers is a graduate student in the social sciences at the University of Minnesota. In March 1989, he wrote a letter to Minneapolis Police Chief John Laux requesting copies of or access to internal affairs complaint forms filed during the past ten years, excluding current or pending complaints, and the final dispositions or determinations of these complaints.

Chief Laux referred Demers' letter to the Minneapolis city attorney's office. An assistant city attorney informed Demers that because his request involved the retrieval and copying of about 1,764 files, he would be charged approximately $1,500. In addition, Demers was notified that certain information on the complaint forms was not public information under the Minnesota Government Data Practices Act. After seeking clarification of what portions were not public, Demers was informed that he would be denied access to information regarding complainants' identities based upon Minn.Stat. § 13.43 and the 1987 Minnesota Supreme Court case of *Erickson v. MacArthur*, 414 N.W.2d 406 (Minn. 1987).

A further exchange of letters resulted in an offer from the city to supply Demers with the requested complaint forms but with all information deemed private by the city blocked out. Demers was also notified that before he could receive any information, he must supply the city with a certified check in the amount of $2,322.50 to cover costs.

Subsequently, Demers commenced an action against the City of Minneapolis seeking the following relief: a declaration that the internal affairs complaint forms are public data; an award of costs, disbursements, and reasonable attorney fees; a declaration that the amount assessed by the city for copying the complaint forms is unreasonable; and a declaration that Demers may inspect the complaint forms without cost. Demers also moved the court to compel disclosure of data under Minn.Stat. § 13.08, subd. 4.

The trial court concluded the internal affairs complaint forms and disposition statements Demers requested, including complainants' information, are public government data pursuant to Minn.Stat. § 13.03, subd. 1. It further concluded the city may not assess any charge for the inspection of these documents, but may

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

require Demers to pay the actual costs of searching for, retrieving, and copying the information. The court also awarded Demers $398 for costs, disbursements, and attorney fees.

The city appeals from the trial court's judgment arguing complainant information is not public government data. Demers urges this court to affirm, citing the importance of police accountability in the internal affairs process.

## ISSUES

1. Did the trial court err in concluding information identifying complainants on nonpending and noncurrent police department internal affairs complaint forms is public government data under the Minnesota Government Data Practices Act?

2. Did the trial court err in concluding that the City of Minneapolis may not assess any charge for the inspection of these internal affairs complaint forms unless copies are requested?

## ANALYSIS

1. The basic proposition under the Minnesota Government Data Practices Act (Minn.Stat. §§ 13.01–.90) is that all "government data"[1] shall be public unless otherwise classified by state or federal statute or temporary classification under Minn.Stat. § 13.06 as "nonpublic" or "protected nonpublic." Minn.Stat. § 13.03, subd. 1 (1988).

Pursuant to Minn.Stat. § 13.82, subd. 5, active investigative data is classified as confidential or protected nonpublic. Here, Demers has requested only nonpending and noncurrent police department internal affairs complaint forms.

The city does not contend the requested data is nonpublic under section 13.06 or a federal statute. Rather, it argues the complainants' identities on internal affairs complaint forms constitute "private personnel data" under Minn.Stat. § 13.43. We disagree.

We concur with the trial court's conclusion that the information Demers requests is public government data. "Personnel data" is defined to mean "data on individuals" collected because the individual is an employee. Its definition does not encompass a citizen who files a complaint against a police officer.

In support of its position, the city relies primarily on dicta in *Erickson v. MacArthur*, where the supreme court stated the following with respect to the proper classification of data collected during the course of an internal affairs investigation:

If classified as law enforcement data, the [confidential witnesses'] statements are public and therefore subject to disclosure under section 13.03, subd. 1. However, these statements were taken as part of an investigation to determine whether disciplinary action was warranted against individual police officers, and therefore they *probably* constitute private personnel data under section 13.43.

414 N.W.2d 406, 408 (Minn.1987) (emphasis added).

We believe *Erickson* is distinguishable. The plaintiffs in *Erickson*, in the context of a civil discovery motion, sought disclosure of confidential eyewitness statements solicited by police during an internal affairs investigation. In the present case, complainants voluntarily furnished information to the police. In addition, the trial court found there is nothing on the complaint form or elsewhere in the record to indicate that complainants were promised confidentiality. On the contrary, the city admitted at oral arguments that a police officer who is the subject of a complaint is informed as to the identity of the complainant.

The city is requesting that we make a policy judgment and balance the competing interests of the parties as set forth in Minn.Stat. § 13.03, subd. 6. However, the legislature's action in protecting complainants in certain instances reveals its intent not to classify all complainants' names as private. In Minn.Stat. § 13.82 the legislature has specified that the names of indi-

---

**1.** "Government data" is defined as "all data collected, created, received, maintained or dissemi- nated by any * * * political subdivision * * *." Minn.Stat. § 13.02, subd. 7 (1988).

viduals providing information leading to an arrest and the names and addresses of witnesses to a police action are public unless the individuals qualify for protection under Minn.Stat. § 13.82, subd. 10.[2]

Furthermore, in a recent amendment to section 13.43, subd. 2, the legislature specifically stated that the final disposition of any disciplinary action against a public employee is public "together with the specific reasons for the action and data documenting the basis of the action, excluding data that would identify confidential sources who are employees of the public body." 1990 Minn.Laws ch. 550, § 1. Thus, the legislature has deemed it necessary to protect only those complainants who are both confidential sources and public employees.

We conclude that in light of the fundamental presumption in the Minnesota Government Data Practices Act that all government data is public unless expressly classified otherwise, information identifying complainants on nonpending and noncurrent police department internal affairs complaint forms is public government data.

■ 2. The trial court properly concluded that Demers may not be assessed charges for inspecting the complaint forms. Minn.Stat. § 13.03, subd. 3 expressly provides as follows:

> If a person requests access [to public government data] for the purpose of inspection, the responsible authority may not assess a charge or require the requesting person to pay a fee to inspect data. The responsible authority or designee shall provide copies of public government data upon request. If a person requests copies, the responsible authority may require the requesting person to pay the actual costs of searching for and retrieving government data and for making, certifying and compiling the copies

of the data but may not charge for separating public from not public data. Minn.Stat. § 13.03, subd. 3 (1988).

The allowance of costs under the Act is purely statutory. The city may require Demers to pay the actual costs of searching for, retrieving, and copying only if he requests copies of the complaint forms.

## DECISION

The trial court correctly concluded that the identity of complainants on nonpending and noncurrent police department internal affairs complaint forms is public government data unless expressly classified otherwise, and that no charge may be assessed for the inspection of these documents unless copies are requested.

Affirmed.

EDWARD D. MULALLY, Judge (dissenting).

I respectfully dissent. I am not persuaded that complainant information on police internal affairs complaint forms is public government data. The Minnesota Supreme Court has spoken to this problem most recently in *Erickson v. MacArthur*, 414 N.W.2d 406 (Minn.1987).

Running through *Erickson* is the court's continuing admonition that the privacy interests of citizens who provide information that becomes a part of an internal affairs investigation should be protected. The court observes that statements taken as part of an internal affairs investigation to determine whether disciplinary action is warranted against a police officer probably constitutes private personnel data under Minn.Stat. § 13.43. *Erickson*, 414 N.W.2d at 408. In the interest of encouraging legitimate complaints relative to improper conduct on the part of police officers, the names of complainants should not be subject to uncontrolled public scrutiny, but

---

**2.** A law enforcement agency may withhold public access to data on individuals to protect the identity of individuals who are: (a) undercover law enforcement officers; (b) victims of sexual crimes; (c) paid or unpaid informants where disclosure of their identities would threaten their personal safety; or (d) victims of or witnesses to crimes who request confidentiality and where disclosure of their identities would threaten their personal safety or property. Minn.Stat. § 13.82, subd. 10 (Supp.1989).

should be released only for reasons relating to legitimate public purpose.

*Erickson* involved a right of discovery of witnesses' statements for purposes of civil litigation that arose out of an incident that was the subject of an internal affairs proceeding. However, here the concept is basically the same, and provides an even stronger case for privacy.

There is little difference between a citizen who provides information to police investigators for use in an internal affairs investigation, and a citizen who initiates the investigation by making the complaint.

What respondent is attempting is discovery, but without even the justification of a valid use of the information in either criminal or civil litigation.

Private or nonpublic data may be released pursuant to a court order. Minn. Stat. § 13.03, subd. 4. However, the two-tiered procedure to determine if a court order permitting discovery is warranted is outlined in Minn.Stat. § 13.03, subd. 6. If it is found that the data are in fact discoverable, then it shall further be determined "whether the benefit to the party seeking access to the data outweighs any harm to the confidentiality interests of the agency maintaining the data, or of any person who has provided that data or who is the subject of the data, or to the privacy interest of an individual identified in the data." Minn.Stat. § 13.03, subd. 6. Applying the *Erickson* balancing test to the facts before us, it appears that respondent's interest in obtaining the names of the complainants fails at both the basic level of discoverability, as well as the level of benefit to the party seeking release of the data. Respondent's interest in obtaining the names of complainants who, during the past 10 year period, made complaints against police officers is not for the purpose of obtaining information necessary for litigation. Rather, his interest amounts to little more than a desire to further his own purposes, or satisfy his own curiosity, and is far outweighed by the *Erickson* policy of protecting the privacy of citizens who make complaints and provide information that may become the subject of an internal affairs investigation.

I believe that *Erickson* is not distinguishable, and under its holding respondent has failed to establish even a minimal case that warrants release of the information he seeks. I would reverse the ruling of the trial court.