**WDSI, INC., a Wisconsin corporation, Respondent,**

v.

**The COUNTY OF STEELE, Appellant.**

No. A03–680.

Court of Appeals of Minnesota.

Dec. 30, 2003.

Timothy A. Sullivan, Caryn S. Glover, Best & Flanagan, LLP, Minneapolis, MN, for Respondent.

Scott T. Anderson, Sonya J. Guggemos, Ratwik, Roszak & Maloney P.A., Minneapolis, MN, for Appellant.

Considered and decided by RANDALL, Presiding Judge; SCHUMACHER, Judge; and SHUMAKER, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

Steele County appeals from summary judgment requiring it to obtain data from a private entity under contract with the county and to submit that data to respondent WDSI. Steele County argues that (1) the district court erred in concluding that the county has a duty under section 13.05 of the Minnesota Government Data Practices Act (MGDPA) to produce governmental data held solely by a private entity; (2) the district court abused its discretion by granting respondent a protective order; and (3) the district court abused its discretion in denying the county's motion for attorney fees in connection with respondent's claim under section 13.08 of the MGDPA. We affirm in part, reverse in part, and remand.

## FACTS

Appellant Steele County contracted with Korsunsky Krank Erickson Architects, Inc. (KKE), to provide architectural services for the construction of the new Steele County Detention Center. Respondent WDSI wished to bid on the installation of correctional facility detention systems, but felt it was excluded by the prequalification bid requirements.

WDSI contacted Steele County and requested, among other things, that Steele County provide information on how the prequalification standards were determined, how the specifications were relevant to quality assurance, and the qualifications of other bidders on the detention center job. The Steele County Attorney told WDSI to contact KKE. When WDSI did so, KKE stated, "KKE does have a contract with Steele County relating to the Detention Center, but that contract does not convert KKE's files into government data."

WDSI made a request under the Minnesota Government Data Practices Act (MGDPA) to the county to obtain the data from KKE. When the county did not comply with the request, WDSI sued the county, alleging that the county willfully failed to comply with the MGDPA. WDSI sought an award of its costs, disbursements, and attorney fees, as well as an injunction to compel Steele County to produce all relevant government data. When Steele County served interrogatories and a request for production of reports, documents, and statements, WDSI moved for a protective order, alleging that the requested discovery was irrelevant and burdensome or premature.

WDSI and Steele County made cross-motions for summary judgment. Both parties requested attorney fees. The district court (1) granted WDSI's motion for summary judgment, (2) ordered Steele County to produce the data within thirty days, (3) denied both parties' request for attorney fees, and (4) found that WDSI had withdrawn its request for damages, and therefore relieved WDSI of the obligation to respond to Steele County's discovery. This appeal follows.

## ISSUES

1. Under the MGDPA, a political subdivision may contract with a private party to perform governmental functions. The private party then acts as a governmental entity, must provide the public access to governmental documents unless the governmental documents are available from the governmental entity, and is held liable for MGDPA violations. Does Steele County have a duty under the MGDPA to pro-

duce data held solely by KKE, a private entity?

2. The district court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. The district court ruled that all of Steele County's discovery requests were no longer relevant because WDSI was no longer seeking damages. Steele County is still a party to this action. Did the district court abuse its discretion in granting WDSI's motion for a protective order?

3. Under the MGDPA, attorney fees are available where the district court finds the case had no basis in fact and was frivolous or without merit. Did the district court abuse its discretion in denying Steele County's motion for attorney fees?

## ANALYSIS

"The district courts function on a motion for summary judgment is not to decide issues of fact, but solely to determine whether genuine factual issues exist." *DLH, Inc. v. Russ,* 566 N.W.2d 60, 70 (Minn.1997). On an appeal from summary judgment, this court asks two questions: (1) whether there are any genuine issues of material fact and (2) whether the district court erred in its interpretation of the law. *Cummings v. Koehnen,* 568 N.W.2d 418, 420 (Minn.1997); *see* Minn. R. Civ. P. 56.03 (stating district court standard for summary judgment).

## I

Steele County argues that it has no duty under section 13.05 of the MGDPA to produce data held solely by KKE. Statutory interpretation is a question of law subject to de novo review. *Houston v. Int'l Data Transfer Corp.,* 645 N.W.2d 144, 149 (Minn.2002). When interpreting a statute, this court first looks to see whether the statutes language, on its face, is clear or

ambiguous. *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000). "A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Amaral v. St. Cloud Hosp.,* 598 N.W.2d 379, 384 (Minn.1999). If the meaning of a statute is plain and unambiguous on its face, judicial construction is neither necessary nor proper. *Occhino v. Grover,* 640 N.W.2d 357, 359 (Minn.App.2002), *review denied* (Minn. May 28, 2002). "Moreover, statutory words and phrases must be construed according to the rules of grammar and common usage." *McClish v. Pan–O–Gold Baking Co.,* 336 N.W.2d 538, 543 (Minn. 1983).

The MGDPA "regulates the collection, creation, storage, maintenance, dissemination, and access to government data in state agencies, statewide systems, and political subdivisions." Minn.Stat. § 13.01, subd. 3 (2002). "The purpose of the MGDPA is to balance the rights of individuals ... to protect personal information from indiscriminate disclosure with the right of the public to know what the government is doing." *Demers v. City of Minneapolis,* 468 N.W.2d 71, 72 (Minn. 1991). Under the MGDPA, a political subdivision may contract with a private party to perform any of its governmental functions. Minn.Stat. § 13.05, subd. 11(a) (2002). The private party then acts as a governmental entity, must comply with the requirements of the MGDPA, and is held liable for MGDPA violations. *Id.*

■ While "governmental function" is not defined in the MGDPA, Minnesota courts, in the context of tort liability, have held that the test for a governmental function is "whether the act is for the common good of all without the element of special corporate benefit or pecuniary profit." *See, e.g., Papenhausen v. Schoen,* 268 N.W.2d 565, 569–70 (Minn.1978) (holding

operation of state hospital governmental function); *Heitman v. Lake City,* 225 Minn. 117, 120, 30 N.W.2d 18, 21 (1947) (holding operation of boat harbor not governmental function). In addition, "a function is governmental where it involves the exercise of power conferred by statute upon local agencies in administering the affairs of the state and the promotion of the general public welfare." *Mace v. Ramsey County,* 231 Minn. 151, 154, 42 N.W.2d 567, 569 (1950).

Here, WDSI requested information as to how KKE developed the prequalification standards for contractors bidding on the construction of the Steele County Detention Center. Under Minn.Stat. § 641.01 (2002), governmental entities such as Steele County are "authorized to construct, purchase or lease, regulate and maintain county jails for the safekeeping of prisoners."

■ The construction of a jail to isolate from the public persons who arguably pose a threat to society serves the common good and is a clear governmental function. The construction of an adequate jail entails planning, designing, and obtaining qualified builders. It would be a curious and artificial distinction to suggest that only the end product, or only the maintenance and operation of the end product, would satisfy the requirement of "governmental function," because all segments of the process are necessarily interrelated. Thus, constructing a jail and developing qualifications and requirements for the bidding process are governmental functions because they are conferred by statute upon local agencies and promote general public welfare.

Section 13.05, subdivision 11, of the MGDPA states:

> If a government entity enters into a contract with a private person to perform any of its functions, the govern-ment entity shall include in the contract terms that make it clear that all of the data created, collected, received, stored, used, maintained, or disseminated by the private person in performing those functions is subject to the requirements of this chapter and that the private person must comply with those requirements as if it were a government entity.
>
> . . . .
>
> This subdivision does not create a duty on the part of the private person to provide access to public data to the public if the public data are available from the government entity, except as required by the terms of the contract.

Minn.Stat. § 13.05, subd. 11 (2002).

■ The contract between KKE and Steele County does not contain language that satisfies the MGDPA requirement that the contract state that all of the data KKE created, collected, received, stored, used, maintained, or disseminated in performing Steele County's governmental functions is subject to the MGPDA as if KKE were a government entity. The district court declined to infer such a provision and reasoned that because this language was missing from the contract "the most equitable remedy for everyone is for the party who failed to follow Minnesota Statute Section 13.05 Subdivision 11 to obtain public data held by their architect, and or their architect's agent, and then provide the data to WDSI." We disagree.

The MGDPA provides that a private party who has contracted with a governmental entity to perform a governmental function has a duty to provide the public with governmental data unless the governmental entity has the data. *Id.* If a private party fails to comply with the MGDPA, the remedy is against the private party. The statute does not suggest that a governmental entity that does not possess

the requested data must informally execute that remedy by obtaining the data from the private party. It appears undisputed that Steele County does not have the data; thus, KKE is the party against whom WDSI needs to seek its MGDPA remedy.[1] To accept WDSI's argument and the district court's reasoning would be to simply ignore the mandate of the statute. Although that mandate was not expressly reflected in the contract, it applies nevertheless, and neither contracting parties nor courts can simply ignore it. Because the district court erred in its interpretation of the law, summary judgment in favor of WDSI requiring Steele County to obtain data from KKE is reversed.

## II

■ Steele County argues that the district court abused its discretion in granting WDSI's motion for a protective order by ruling that none of Steele County's outstanding discovery requests were relevant because WDSI had withdrawn its claim for damages. The Minnesota Rules of Civil Procedure give the district court broad discretion when granting protective orders. *Erickson v. MacArthur*, 414 N.W.2d 406, 409 (Minn.1987). "Absent a clear abuse of discretion, a trial courts decision regarding discovery will not be disturbed." *Id.* at 407. Minn. R. Civ. P. 26.03 states: "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

■ The record contains interrogatories and document requests that ask WDSI to identify all participants in and witnesses

pertaining to the issues in the lawsuit. Because Steele County is still a party to the case, the protective order must be reversed and remanded. However, the district court may, in its discretion, wish to appropriately limit discovery to relevant matter or that which "appears reasonably calculated to lead to the discovery of admissible evidence." Minn. R. Civ. P. 26.02(a).

## III

■ Steele County argues that the district court should have awarded attorney fees because "no claim could be more obviously frivolous than that asserted by [WDSI] in this case" and "there was no basis in fact for this claim." We will not reverse a district courts award or denial of attorney fees absent an abuse of discretion. *Star Tribune v. City of St. Paul*, 660 N.W.2d 821, 827–28 (Minn.App.2003). A determination regarding attorney fees will rarely be overturned on appeal. *Burns v. Burns*, 466 N.W.2d 421, 424 (Minn.App. 1991).

■ The general rule is that attorney fees are allowable if authorized by contract or statute. *Material Movers, Inc. v. Hill*, 316 N.W.2d 13, 18 (Minn.1982). The MGDPA states:

[A]ny aggrieved person seeking to enforce the persons rights under this chapter or obtain access to data may bring an action in district court to compel compliance with this chapter and may recover costs and disbursements, including reasonable attorneys fees, as determined by the court. If the court determines that an action brought under this subdivision is *frivolous and without merit and a basis in fact*, it may award

---

1. Steele County also argues that WDSI did not submit required information, so there is no evidence that WDSI would not meet the

pre-bid qualifications. Because we do not have the proper party before us, we do not address this issue.

reasonable costs and attorney fees to the responsible authority.

Minn.Stat. 13.08, subd. 4 (2002) (emphasis added).

This court has found that where respondent satisfied some of the necessary factors, had a reasonable defense on the merits, and made colorable arguments, the case had a basis in fact and we affirmed denial of attorney fees. *Imperial Premium Fin., Inc., v. GK Cab Co.,* 603 N.W.2d 853, 859–60 (Minn.App.2000). Here, WDSI raised significant issues and supported its arguments with authority. The case had a basis in fact and was not frivolous or without merit. Thus, the district court did not abuse its discretion, and we affirm the denial of attorney fees.

### DECISION

Because under the MGDPA, KKE, a private party under contract with Steele County to perform governmental functions, had a duty to provide WDSI access to governmental data, we reverse the summary judgment order requiring Steele County to obtain the data from KKE. Because, at this time, Steele County is still a party to the case, we reverse and remand the protective order ruling that all of Steele Countys discovery requests were no longer relevant. Because this case is not frivolous and without merit, we affirm the denial of attorney fees.

**Affirmed in part, reversed in part, and remanded.**