**ST. PETER HERALD, et al., Appellants,**

v.

**CITY OF ST. PETER, Respondent.**

No. C9–91–1675.

Court of Appeals of Minnesota.

March 3, 1992.

Review Granted May 15, 1992.

**406**

Mark R. Anfinson, Lake Calhoun Professional, Minneapolis, for appellants.

Grant K. Wacker, Brandt & Wacker, St. Peter, for respondent.

Considered and decided by SCHUMACHER, P.J., and KALITOWSKI and MULALLY,* JJ.

## OPINION

EDWARD D. MULALLY, Acting Judge.

The trial court declared that the notice of claim received by the City of St. Peter qualified as protected nonpublic or confidential data under Minn.Stat. § 13.39, subd. 2. The trial court also denied counsel's request to participate in an in camera review of the document. We agree and affirm.

## FACTS

On June 24, 1991, the St. Peter City Council held a closed meeting as permitted by the attorney-client privilege exception to the Minnesota Open Meeting Law. *See* Minn.Stat. § 471.705, subd. 3 (1990). Appellants, the *St. Peter Herald* and the *Free Press* of Mankato, requested information as to the purpose and subject of the meeting. The city attorney informed appellants that the city had recently received a notice of claim, pursuant to Minn.Stat. § 466.05, in the form of a letter from a private attorney.

The city attorney refused to provide copies of the letter to appellants and refused to provide specific information about the claim, contending it was classified as private data under the Minnesota Government Data Practices Act, Minn.Stat. §§ 13.01 through 13.90 (1990). Appellants sought disclosure of the document.

On August 6, 1991, the trial judge heard oral arguments, and decided to review the notice of claim in camera, as permitted by Minn.Stat. § 13.08, subd. 4. Appellants' counsel requested that they be present during this review. The trial court denied their request. On August 9, 1991, the trial

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

court issued an order denying appellants' request for disclosure on the grounds that the document was either protected nonpublic data or confidential data under Minn. Stat. § 13.39.

## ISSUES

1. Did the trial court err in concluding that the notice of claim is protected non-public or confidential data under Minn.Stat. § 13.39?

2. Did the trial court err in excluding appellants' counsel from an in camera review of the notice of claim?

## ANALYSIS

■ The trial court ruled that the City of St. Peter need not release the Notice of Claim to the press because the document qualified as protected nonpublic or confidential data under the Government Data Practices Act. The applicable portion of the Act reads:

13.39 INVESTIGATIVE DATA

Subdivision 1. **Definitions.** A "pending civil legal action" includes but is not limited to judicial, administrative or arbitration proceedings. Whether a civil legal action is pending shall be determined by the chief attorney acting for the state agency, political subdivision or statewide system.

Subd. 2. **Civil Actions.** Data collected by state agencies, political subdivisions or statewide systems as part of an active investigation undertaken for the purpose of the commencement or defense of a pending civil legal action, *or which are retained in anticipation of a pending civil legal action,* are classified as protected nonpublic data * * * [or] confidential.

Minn.Stat. § 13.39, subds. 1, 2 (1990) (emphasis added). The trial court, after conducting an in camera review of the notice of claim, concluded that the city attorney had not abused his discretion in deciding that within the meaning of the statute a civil legal action was pending and therefore the document need not be released to the newspapers.

Black's Law Dictionary defines "pending" as:

Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is "pending" *from its inception* until the rendition of final judgment. *See also* Pendente lite.

1021 (5th ed.1979) (emphasis added). Pendente lite is defined as:

Pending the suit; during the actual progress of a suit; *during litigation.*

*Id.* at 1020 (emphasis added). Webster's Dictionary defines "pending" more broadly:

1. remaining undecided; not determined; not established.

2. *impending.*

1325 (2d ed.1983) (emphasis added). Webster's defines impending as:

1. hanging over.

2. *about to happen;* imminent or *threatening.*

*Id.* at 912 (emphasis added). The trial court adopted this broader definition of "pending," including not only litigation already in progress, but also threatened litigation. We believe this broader construction best represents the legislature's intent.

■ The statute protects data retained *in anticipation* of a pending civil legal action. While it may be impossible to anticipate something which is already in progress, it is not impossible to anticipate something which has been *threatened.* Because one cannot anticipate a civil legal action once it has already commenced, the legislature must have intended the broader construction of "pending" (including threatened civil legal action) to apply. The notice of claim is an essential element of the maintenance of a civil legal action against the municipality. While it may be conceded that the wording of the statute is awkward, the legislative intent seems clear. Since the statute cannot be given more than one reasonable interpretation, it is not ambiguous. The notice of claim letter is protected data if it either commences *or* threatens a civil legal action.

As to the status of the notice of claim, the trial court stated:

It is the *first step* in litigation against a municipality and puts the city on notice that if the claim is not resolved litigation *will be commenced.*

(Emphasis added.) The trial court also alluded to the purpose for the notice of claim requirement as stated in *Hirth v. Village of Long Prairie,* 274 Minn. 76, 79, 143 N.W.2d 205, 207 (Minn.1966):

The principal purpose * * * is to protect against dissipation of public funds by requiring [notice] * * * so that [the municipality may] * * * investigate [the claim, and] settle those of merit *without litigation.*

(Emphasis added). It appears the notice of claim is not generally considered as beginning the litigation process or as a step in the process.

Additionally, this court has held that the notice of claim provision does not toll the statute of limitations. *Larson v. State,* 451 N.W.2d 213, 215 (Minn.App.1990). In that case, the court cited *Naylor v. Minnesota Daily,* 342 N.W.2d 632, 634 (Minn. 1984), which stated that the purpose of the notice requirement is to allow the government to settle claims *without litigation.* *Larson,* 451 N.W.2d at 215. The court went on to state:

Although the statute requires a claimant to give proper notice, it does not require that there be a *delay between* presentation of the claim and *commencement* of the suit.

*Id.* (emphasis added). One can only infer from this language that the notice of claim does not initiate litigation.

However, it does not necessarily follow that the trial court's conclusion that the notice of claim is protected nonpublic data is incorrect. If the notice of claim threatens a civil legal action, and the document is then retained in anticipation thereof, the document falls within the language of Minn.Stat. § 13.39, subd. 2.

The notice of claim requirement is set down in Minn.Stat. § 466.05, subd. 1 (1990). The statute requires that a person making a tort claim against a municipality present to the municipality within 180 days of the alleged injury notice

stating the time, place and circumstances thereof, * * * and the amount of compensation or other relief demanded. Actual notice of sufficient facts to reasonably put the governing body of the municipality or its insurer on notice of a possible claim shall be construed to comply with the notice requirements of this section.

*Id.* The parties agree that the letter to the City of St. Peter, which specifically mentioned Minn.Stat. § 466.05, qualifies as the "notice of claim" required by the statute.

Minn.Stat. § 13.39, subd. 1 states that the attorney acting for the municipality determines whether a civil legal action is pending. Whether, as a matter of policy, such broad discretion is warranted is not for this court to decide. It is a legislative matter. In any event, in this case, the city attorney was not given *carte blanche* to determine that the notice of claim letter was protected under the statute.

After conducting an in camera review of the notice of claim, the trial court agreed with the city attorney that the document was protected by Minn.Stat. § 13.39 because it was "retained in anticipation of a pending civil legal action." Here, this procedure provided a critical check of the city attorney's power under the statute. The in camera review provided both a safeguard against any abuse and also a judicial construction of the phrase "retained in anticipation of a pending civil legal action." The trial court found that the notice of claim letter was included within the meaning of this provision. Minn.Stat. § 466.05 requires that the notice of claim state the time, place and circumstances of the alleged injury or loss and the amount of damages claimed. It appears that the notice of claim could very reasonably be described as data "retained in anticipation of a pending civil legal action." Therefore, the trial court was correct in deciding that the document was protected nonpublic data within the meaning of Minn.Stat. § 13.39.

■ 2. Appellants allege that the in camera review of the document essentially determined the case on the merits, and counsel should have been allowed to participate in the review and present arguments as to whether or not the document fell within Minn.Stat. § 13.39. Appellants attempt to distinguish *State v. Paradee*, 403 N.W.2d 640 (Minn.1987), which stated that the trial court need not allow counsel to participate in an in camera review of privileged evidentiary material. *Id.* at 642. Appellants argue that the present case is distinguishable because the document itself is the basis of the dispute, not merely potential evidence in the dispute. Appellants have cited no case recognizing this distinction as crucial, however.

The purpose of an in camera review is to allow the trial judge to view an item *independently*. This purpose would be frustrated if opposing counsel were also allowed to review the document. Such a procedure would no longer be an in camera review. Therefore, the trial court did not err in denying appellants' counsel participation in the in camera review.

The notice of claim letter falls within the language stating that data "retained in anticipation of a pending civil legal action" are classified as nonpublic data. The legislature, in attempting to balance the public's right to information with the municipalities' right to settle disputes efficiently without extensive litigation, intended that a notice of claim would be protected.

Whether such protection will in fact significantly increase the municipalities' ability to settle the dispute without litigation is not for this court to decide. The public will have access to any settlement of the dispute, and to documents relating to formal litigation proceedings. Thus, the public's interest in receiving information about its government is not denied, but instead only delayed.

The Government Data Practices Act was apparently enacted to strike a balance between the sometimes competing interests of the public in scrutinizing its government and of the government in effectively and efficiently settling its disputes. The notice of claim letter falls within the plain language of Minn.Stat. § 13.39, subd. 2. Whether the statute is overbroad and should be more narrowly tailored is a policy decision within the legislative function. As the statute currently reads, the trial court was correct in deciding the notice of claim letter is protected data, particularly in light of the fact that the trial court conducted an in camera review of the document to determine independently whether it fell within the language of the statute.[1]

## DECISION

The trial court did not err in deciding that the notice of claim letter was protected nonpublic data under Minn.Stat. § 13.39, subd. 2. The in camera review provided a judicial analysis of the reasonableness of the city attorney's claim that the notice of claim letter was retained in anticipation of a threatened civil legal action. Appellants' counsel did not have the right to participate in the in camera review of the document.

Affirmed.

SCHUMACHER, Judge (dissenting).

I respectfully dissent because I do not believe the legislature ever intended that a notice of claim would be protected nonpublic or confidential data under Minn.Stat. § 13.39 (1990). I also believe that the "plain" language of the statute does not force this court to frustrate the legislature's intent. Therefore, the newspapers should be allowed access to the notice of claim letter.

The critical clause of Minn.Stat. § 13.39 as far as this dispute is concerned is the "retained in anticipation of a pending civil legal action" language in subdivision 2. I

---

1. For cases specifically advocating the use of in camera reviews when determining whether information in municipalities' police internal affairs files was discoverable to the opposing party, *see Erickson v. MacArthur*, 414 N.W.2d 406,

409 (Minn.App.1987) (civil case); *State v. Lynch*, 392 N.W.2d 700, 705–6 (Minn.App.1986); *State v. Hopperstad*, 367 N.W.2d 546, 549 (Minn. App.1985) (criminal cases).

believe it cannot be argued that this phrase is anything but ambiguous. The majority concedes that the term "pending" is subject to two definitions. This seems to me to unquestionably constitute a patent ambiguity. The majority maintains that because adopting one of the definitions would render the statute nonsensical, the court must adopt the alternative definition of "pending." The resulting construction, however, remains somewhat nonsensical.

The court is left with a statute which protects not only data retained once a lawsuit has been threatened but also protects the *threat* itself. The majority states that the notice of claim "threatens" litigation. The majority also contends that the notice of claim is data retained anticipating litigation which has already been threatened. I believe the statute intended to protect material gathered *after* the threat has been received, not material gathered up to and including the threat itself.

The statute was designed to protect the municipality from being forced to "tip its hand" in structuring its potential lawsuit. The municipality would be placed at a great strategical disadvantage if the complaining party could discover its tactics and evidence merely by picking up a newspaper or turning on the television. However, when the complaining party already knows the contents of the data at issue, as is the case here, the municipality is placed at no strategic disadvantage whatsoever by revealing the contents of the data.

The city argues that lawsuits involving governmental entities can be solved more efficiently and economically outside the scrutiny of the general public. Such a candid rationalization is frightening. The city is basically contending that governmental cover-ups save the city time and money. This is undoubtedly true. Governmental cover-ups also save the city's officials from embarrassment and accountability. It seems fundamental that a representative democracy cannot function without an informed constituency. Convincing the constituency of this truism is no easy task. When the public actively seeks information about its government's functioning, then, every effort should be made to accommo-

date this interest. Arguing that the public will eventually discover a settlement or active litigation does not adequately address the issue. A claimant can wait several years before formally bringing suit and settlements on notices of claim could occur years after the alleged wrongdoing. Little or no accountability is left for the responsible government officials or departments at this later time.

The city also urges that the public has a tendency to inject extraneous issues into a lawsuit, clouding the actual dispute. If the municipality believes a particular lawsuit is being muddied by irrelevant or tangential issues, the municipality certainly has the opportunity to inform the public of this belief. It seems equally likely, however, that the public will more readily recognize the "big picture" projected by the lawsuit, seeing the forest for the trees, and the issues claimed to be extraneous and irrelevant by the municipality will actually be the more important policy considerations the city would like to avoid. It is only by exposing and addressing the inadequacies and inequities within a governmental entity that a governmental entity will truly be "of the people, by the people, and for the people." The City of St. Peter would rather sweep the dispute at hand under the rug and hope that any larger issues this dispute might involve will just go away. I find this extremely unlikely.

The majority seems to agree that the policy rationalizations behind shielding the notice of claim from public scrutiny are at least tenuous. Yet the majority also states that such policy determinations are for the legislature. It appears, however, that the majority has nonetheless taken it upon themselves to edit the confusing phrase "retained in anticipation of a pending civil legal action" to make the phrase intelligible. The majority has basically ignored the word "pending" and allowed the statute to protect all data "retained in anticipation of a civil legal action." Rewriting poorly crafted statutory language seems to be as much a function of the legislature as analyzing the likely policy ramifications of a statute.

Additionally, the in camera review by the trial court should not be considered an ef-

fective judicial check on the clearly over-broad discretion granted to the city attorney to determine whether a civil legal action is pending. In order for such a review to be meaningful, the court would have to allow counsel for the parties to participate and present arguments outlining how the language used in the specific document either does or does not "threaten litigation." This is not a situation wherein the trial court is merely analyzing proffered evidence to determine its admissibility in a trial. Rather, the document being analyzed is the actual subject of the dispute.

The public has a right to know when a citizen has alleged its government has committed a legal wrong. The newspapers should be allowed to see the notice of claim letter as Minn.Stat. § 13.39 was not meant to protect such a document.