## ST. PETER HERALD and The Free Press, Appellants,

### v.

## CITY OF ST. PETER, Respondent.

### No. C9–91–1675.

Supreme Court of Minnesota.

March 5, 1993.

Rehearing Denied April 19, 1993.

Mark R. Anfinson, Minneapolis, for appellants.

Grant K. Wacker, Brandt & Wacker, St. Peter, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Nancy J. Bode, Asst. Atty. Gen., Kenneth H. Bayliss, III, Special Asst. Atty. Gen., St. Paul, for amicus curiae, State of Minn.

COYNE, Justice.

Does the Minnesota Data Practices Act require compliance with a request to make public a letter which puts a city on notice of claimed damages? The trial court ruled that the Data Practices Act does not require the city to produce the notice of claim, and a divided panel of the court of appeals affirmed. We reverse, albeit reluctantly, and hold that the city is required to produce the notice of claim.

The facts are undisputed: On June 24, 1991 the St. Peter City Council met in closed meeting.[1] The closure of the meeting prompted reporters for the St. Peter Herald and The Free Press of Mankato to request information about any litigation which had been discussed. The city attorney responded, stating that the city had received a notice of claim in the form of a letter from a private attorney.[2] On the ground that it was private data, the city attorney refused to give the reporters copies of the letter.

The newspapers then commenced this action to compel disclosure of the notice of claim. Utilizing the procedures available pursuant to Minn.Stat. § 13.08 (1990), the trial judge heard oral argument, then advised the parties that he would exercise his statutory right to inspect the notice of claim *in camera*, Minn.Stat. § 13.08, subd. 4 (1990), before deciding whether it was nonpublic data. The trial judge refused the request of the newspapers' lawyer to attend the *in camera* review on the condition that he not disclose the contents to his clients or to anyone else if the document were declared nonpublic data. After reviewing the notice of claim, the trial judge ruled that the Data Practices Act did not require disclosure of the notice of claim. A divided court of appeals affirmed. 481 N.W.2d 405.

---

1. The Minnesota Open Meeting Law, Minn.Stat. § 471.705 (1990) permits a governmental entity to hold a closed meeting under specified circumstances.

2. The Minnesota Tort Claims Act, Minn.Stat. § 466.05, subd. 1 (1990) states:

 **Subdivision 1. Notice required.** Except as provided in subdivisions 2 and 3, every person, whether plaintiff, defendant or third party plaintiff or defendant, who claims damages from any municipality or municipal employee acting within the scope of employment or on account of any loss or injury within the scope of section 466.02 shall cause to be presented the governing body of the municipality within 180 days after the alleged loss or injury is discovered a notice stating the time, place and circumstances thereof, the names of the municipal employees known to be involved, and the amount of compensation or other relief demanded. Actual notice of sufficient facts to reasonably put the governing body of the municipality or its insurer on notice of a possible claim shall be construed to comply with the notice requirements of this section. Failure to state the amount of compensation or other relief demanded does not invalidate the notice; but in such case, the claimant shall furnish full information regarding the nature and extent of the injuries and damages within 15 days after demand by the municipality. * * *

Minn.Stat. § 13.39, subd. 2 (1990), the pertinent section of the Minnesota Data Practices Act, contains this provision:

Data collected by state agencies, political subdivisions or statewide systems as part of an active investigation undertaken for the purpose of the commencement or defense of a pending civil legal action, or which are retained in anticipation of a pending civil legal action are classified as protected nonpublic data * * *.

Like the trial court and the court of appeals, we should prefer to characterize the notice of claim required pursuant to Minn.Stat. § 466.05, subd. 1 (1990) as a nonpublic document because we believe nondisclosure until litigation is actually commenced better serves our oft repeated public policy of encouraging negotiation and compromise of disputes. Publicity tends to crystallize positions, and requiring a municipality to treat a notice of claim as a public document suggests that a notice, which might otherwise be presented simply to apprise the municipality of an event or condition, will be perceived as necessarily presaging commencement of a lawsuit.

Unfortunately, in our view Minn.Stat. § 13.39, subd. 2 (1990) does not permit a notice of claim to be classified as a nonpublic document. The statute speaks of "Data collected by * * * political subdivisions." Although the statute defines neither "data" nor "collected," "data" is usually said to mean "facts or principles granted or presented; detailed information." Webster's Third International Dictionary, p. 557 (1981). "Collect" is defined as "to bring together into a band, group, assortment or mass: Gather," *id.* at 444, or "to accumulate or assemble." The American College Dictionary, p. 236 (Random House 1962). "Collect," then, requires affirmative action by someone, and pursuant to section 13.39, subd. 2, that someone is a political subdivision. Moreover, the statute makes it clear that the political subdivision must collect the data as part of an active investigation. The statute goes on to require that the active investigation as a part of which the data is collected must be undertaken either for the purpose of commencing or defending a civil legal action or of holding the data in anticipation of legal action.

The information contained in a notice of claim is indeed retained by a political subdivision in anticipation of the possible commencement of legal action, but it is not "data collected" by the political subdivision as part of an active investigation. The political subdivision has not taken any affirmative action to gather the information contained in a notice of claim; it is simply a passive recipient of that information.

The parties' preoccupation with the word "pending," as used in the statute, is suggestive of ambiguity. It appears to us, however, that the criterion for classification as nonpublic data—that it is "data collected by * * * a political subdivision"— is clear and free from ambiguity. The application of the statute, therefore, is governed by this principle: ·

When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

Minn.Stat. § 645.16 (1990). Inasmuch as a notice of claim is not "data collected by * * * a political subdivision," it cannot be classified as either protected nonpublic data or confidential. Accordingly, we reverse and hold that a notice of claim presented to a municipality pursuant to Minn. Stat. § 466.05, subd. 1 (1990), is a public document within the meaning of Minn.Stat. § 13.39, subd. 2 (1990).

The appellant newspapers also contend that the trial court erred in refusing to permit their counsel to attend the trial court's *in camera* inspection of the notice of claim pursuant to Minn.Stat. § 13.08,

subd. 4 (1990). In view of our decision that the notice of claim is a public document, we need not and do not address the propriety of the trial judge's declination to admit counsel to his *in camera* inspection of the document.

Reversed.

PAGE, J., took no part in the consideration or decision of this case.