DATA PRACTICES ACT: LABOR AND INDUSTRY: ORDERS:  Orders of Commissioner of Labor and Industry and objections thereto are public data.  Minn. Stat. §§ 13.39, 176.181.

852
(Cr. Ref. 523a-17, 523a-27)


August 4, 2000


Gretchen Maglich, Commissioner
Minnesota Department of
  Labor and Industry
443 Lafayette Road North
St. Paul, MN  55155

Dear Commissioner Maglich:

In materials submitted to Attorney General Mike Hatch, you set forth substantially the following:

## FACTS

On September 24, 1998, the Commissioner of Labor and Industry, in accordance with Minn. Stat. § 176.181 subd. 3 (a), issued to certain persons and their companies ("the Respondents") an Order and an amended Order to Comply and Penalty Assessment ("the Orders").  The Orders notified the Respondents that the Commissioner had determined that they had violated Minn. Stat. § 176.181 subd. 2 by not maintaining workers compensation insurance, ordered them to obtain workers compensation insurance, and assessed penalties.  On October 6, 1998, the commissioner received objections from the subjects of the Orders, submitted pursuant to Minn. Stat. § 176.181 subd. 3 (b) ("the Objections").

Subsequently, the Department of Labor and Industry released, in response to a data practices request, the Orders, and the Objections.  Based upon those facts, one of the individuals named in the Orders and Objections requested an opinion of the Commissioner of Administration as to whether the Department of Labor and Industry violated the rights of the individual by releasing the Orders and Objections to a member of the public.

In an opinion dated February 15, 2000, the Commissioner of Administration determined that release of those documents violated the data practices rights of the individual named.

You then ask substantially the following:

## QUESTION

Did the Minnesota Department of Labor and Industry (DOLI) improperly disseminate to the public data about the Respondents contained in the following

documents: 1) an Amended Order to Comply and Penalty assessment dated September 24, 1998; 2) an Order to Comply and Penalty Assessment dated September 25, 1998; and 3) an Objection to the Amended Order to Comply and Penalty Assessment filed with DOLI (received on October 6, 1998) by the data subject's attorney?

## OPINION

It is our opinion that Orders of the Commissioner issued pursuant to Minn. Stat. § 176.18, subd. 3, and objections to the Orders submitted pursuant to paragraph (b) of that subdivision, are public data under the Minnesota Government Data Practices Data Practices Act. Their release does not violate the rights of the Respondents named in those documents.

The Department's enforcement provisions for mandatory workers compensation insurance requirements are contained in Minn. Stat. § 276.18, subd. 3 which provides, in part, as follows:

> Subd. 3. Failure to insure, penalty. (a) The commissioner, having reason to believe that an employer is in violation of subdivision 2, may issue an order directing the employer to comply with subdivision 2, to refrain from employing any person at any time without complying with subdivision 2, and to pay a penalty of up to $1,000 per employee per week during which the employer was not in compliance.

> (b) An employer shall have ten working days to contest such an order by filing a written objection with the commissioner, stating in detail its reasons for objecting. If the commissioner does not receive an objection within ten working days, the commissioner's order shall constitute a final order not subject to further review, and violation of that order shall be enforceable by way of civil contempt proceedings in district court. If the commissioner does receive a timely objection, the commissioner shall refer the matter to the office of administrative hearings for an expedited hearing before a compensation judge. The compensation judge shall issue a decision either affirming, reversing, or modifying the commissioner's order within ten days of the close of the hearing. If the compensation judge affirms the commissioner's order, the compensation judge may order the employer to pay an additional penalty if the employer continued to employ persons without complying with subdivision 2 while the proceedings were pending.

The Commissioner's order described in subdivision 3(a) and the employer's objection described in subdivision 3(b) were the documents released by the Department. Together they provide the jurisdictional basis for a contested case proceeding. Both the plain wording of the statutes and rules of statutory construction lead to the conclusion that the Order and Objections are public under the Minnesota Government Data Practices Act ("MGDPA"), Minn. Stat. ch. 13.

Under Minn. Stat. § 13.03, subd. 1, all government data are considered public unless specifically classified otherwise by state statute, federal law or temporary classification. We are aware of no statute, federal law, or temporary classification that would classify such orders and objections as other than public.

However, the Commissioner of Administration concluded otherwise in his February 15, 2000 opinion. He opined that the Orders and Objections must, as a matter of law, be classified as civil investigative data pursuant to Minn. Stat. § 13.39. We disagree. That statute provides, in part, as follows:

> Subdivision 1. Definitions. A "pending civil legal action" includes but is not limited to judicial, administrative or arbitration proceedings. Whether a civil legal action is pending shall be determined by the chief attorney acting for the state agency, political subdivision or statewide system.

> Subdivision 2. Civil actions. (a) Except as provided in paragraph (b), data collected by state agencies, political subdivisions, or statewide systems as part of an active investigation undertaken for the purpose of the commencement or defense of a pending civil legal action, or which are retained in anticipation of a pending civil legal action, are classified as protected nonpublic data pursuant to section 13.02, subdivision 13, in the case of data not on individuals and confidential pursuant to section 13.02, subdivision 3, in the case of data on individuals. Any agency, political subdivision, or statewide system may make any data classified as confidential or protected nonpublic pursuant to this subdivision accessible to any person, agency or the public if the agency, political subdivision, or statewide system determines that the access will aid the law enforcement process, promote public health or safety or dispel widespread rumor or unrest.

While these provisions authorize government agencies to withhold, from both the public and the data subject, information developed in the course of an investigation, it does not follow that *all* documents produced or held by an agency during the time period of an active investigation must be considered confidential or protected nonpublic investigative data. For example, in *Everest Development Ltd. v. City of Roseville*, 566 N.W.2d 341 (Minn. App. 1997), the court held that settlement documents distributed among the parties could not be considered protected civil investigative data. The court reasoned that they were not created "for the commencement or defense of a civil action" and that, by their very nature, such documents could not be inaccessible to the subject matter of the data. The court explained:

> [W]e reject the city's reasoning that the documents were protected nonpublic data because the civil legal action was still "pending" until final settlement. The city seeks to label as protected nonpublic data documents that have already been distributed to the city, CPIC, and Ryan during the settlement negotiations. Such analysis would lead to an absurd outcome because, under Minn. Stat. § 13.02, subd. 13, protected nonpublic data is not accessible to the subjects of the data.

> *See State v. Murphy,* 545 N.W.2d 909, 916 (Minn. 1996) (applying Minn. Stat.
> § 645.17 (1996)) (when construing statutes, court must presume legislature did
> not intend absurd results.) The legislature could not have intended to make
> settlement documents protected nonpublic data because the documents, by their
> very nature, must be made available to the parties to the settlement.

*Id.* at 344 - 45.

In *St. Peter Herald v. City of St. Peter,* 496 N.W.2d 812 (Minn. 1993), the supreme court determined that a city could not treat a notice of tort claim submitted to the city pursuant to Minn. Stat. § 466.05 as nonpublic investigative data despite the fact that it contained information pertinent to an anticipated legal action because the data was not "collected" by the city in the course of an investigation.

In our view, the reasoning of both *Everest* and *St. Peter Herald* applies to the documents referred to in your request.

First, the "data" contained in the Orders or objections was not "collected" or "retained" by the agency "as part of an active investigation undertaken for the purpose of the commencement or defense" of a proceeding.

While they were undoubtedly *based upon* information gathered during an investigation, the order and the amended order are not part of the investigation process. The Orders were part of the civil legal action itself, in which the Commissioner had ordered that certain persons and companies which violated Minnesota law had to comply with the law and be assessed penalties for their violations. The Orders were the official documents initiating the process that could lead to an administrative proceeding. In that respect the Orders are analogous to criminal citations, arrest warrants, or a civil summons, which are at all times public in the hands of the originating agency. *See* Minn. Stat. § 13.82 subd. 2(j). Likewise the objections filed by the subjects of the Orders, (which are the official documents that determine the need for an administrative hearing), were not "collected" by the commissioner in an investigative sense. *Cf. St. Peter Herald.*

Second, the Orders and Objections are not considered "confidential" or "protected nonpublic" as defined by Minnesota Statutes § 3.02, subd. 3. This statute defines "confidential data" on individuals as "data which is made not public by statute or federal law applicable to the data *and is inaccessible to the individual subject of that data.*" (Emphasis added.) Subdivision 13 of that section defines protected "nonpublic data" as "data not on individuals which is made by statute or federal law applicable to the data (a) not public and (b) *not accessible to the subject of the data.*" (Emphasis added.) In contrast, any order and penalty assessment issued by the Commissioner must be served upon the subject of the order. Similarly, an objection filed by the Respondent to the order of the Commissioner is necessarily accessible to the subject of the data because the subject created it. Thus, its existence and the information contained within it are known to the subject. As the court observed in *Everest Development,* the Legislature did not intend the absurdity of providing that documents which must always be available to data subjects

should be included within a category of data which, by definition, is not normally available to data subjects.[1]

Third, it should be noted that the principal purpose of Minn. Stat. § 13.39 is to enable the agency to protect its investigative work product from premature disclosure in situations which could prejudice the person being investigated as well as the continuing investigation or presentation of the agency's case. The issuance of an Order means that the Commissioner is not simply investigating. Rather, the Commissioner has made a determination and is taking action against a Respondent. It would serve no public purpose for the Commissioner to keep private the fact that she has made a determination that a company is not providing statutory mandated workers' compensation insurance. Even if the Commissioner was still only investigating the matter, the statute gives the Commissioner discretion to release "investigative" data in situations where, as here, it would advance the law enforcement process.

Finally, this opinion is supported by reference to other provisions of the MGDPA, which consistently provide for disclosure of the identity of persons formally charged with offenses long before the legal processes are concluded. *See, e.g.,* Minn. Stat. §§ 13.43, subd. 2 (4) (existence and status of complaints or charges against public employees are public) and 13.82, subd. 2 (name, age, sex and address of persons cited, arrested or incarcerated are public). *See also* Minn. Stat. § 471.705, subd. 1d (c) (meetings concerning disciplinary matters must be open following initial determination that discipline may be warranted).

Therefore, we conclude that Orders and objections are not civil investigative data within the meaning of Minn. Stat. § 13.39, and are therefore to be considered public pursuant to Minn. Stat. § 13.03.

Very truly yours,

MIKE HATCH
Attorney General
State of Minnesota

KENNETH E. RASCHKE, JR
Assistant Attorney General
(651) 297-1141

AG: 393611,v. 01

---

[1] *See* Minn. Stat. § 645.17 (1) (the legislature does not intend a result that is absurd, impossible of execution or unreasonable).